## Scott County v. Polk County.

1. **Pauper and Insane Person :** SETTLEMENT OF: EVIDENCE TO ESTAB-
LISH. Proof that an insane or poor person has resided more than one
year in a county is *prima facie* sufficient to establish his settlement in
that county; but if it is shown that such person is a married woman, it
may be necessary to prove further that her husband has had his resi-
dence in that county, or else that she has been deserted by him. See
Code, § 1352.

2. ———: ———: STATUTE CONCERNING. Although § 1352 of the Code
is found in the chapter on the settlement and support of the poor, it is
sufficiently general in its application to embrace the case of an insane
person who has become a county charge.

3. ———: ———: NOTICE TO PREVENT. The notice authorized by § 1357
of the Code to be given to the county in which a poor person has a set-
tlement, that such person has become a county charge in another county,
must be given upon the authority of the township trustees or board of
supervisors; and a claim presented without such authority by the audi-
tor of the county where an insane pauper is, to the auditor of the county
of his settlement, for expenses incurred in relation to such insane person,
while it may be a good demand for reimbursement, under § 1418 of the
Code, is not sufficient to prevent the pauper from gaining a settlement
in the county where he is, nor to bind the county of his settlement to
remove him or to pay for his support after he has acquired a settlement
in the other county.

Affirmed on rehearing.

### *Appeal from Polk Circuit Court.*

### Wednesday, October 3.

Action to recover for expenses incurred by the plaintiff
county in the support of an insane person, one Mrs. Mary
Cassidy, on the alleged ground that her place of settlement
was in the defendant county. There was a trial without a
jury, and judgment was rendered for the defendant. The
plaintiff appeals.

*Berryhill & Henry* and *J. C. Bills*, for appellant.

*L. G. Bannister*, for appellee.

ADAMS, J.—Mrs. Cassidy, while sane, removed from Polk county to Scott county. The first question presented is as to whether the undisputed evidence shows that at the time

**1. PAUPER and insane person: settlement of: evidence to establish.** of such removal she had a settlement in Polk county. The evidence upon this point consists of the testimony of one witness. It is brief, and we set it out in full. The witness says: "Have known Mrs. Cassidy for more than ten years; knew her in Des Moines, where she resided from some time in March or April, 1877, to some time in March, 1879. She called Des Moines her home while here, and supported herself without any aid, by work as a dressmaker, and never applied for any aid to the county or city. She went from Des Moines to Davenport, where her brother lived, in March, 1879, taking all her things with her, and without any intention, so far as I knew, of returning to Des Moines. She had no family. I understood that her husband had deserted her several years before, and she did not know what had become of him."

The testimony contained in this last sentence is nothing more than hearsay evidence, and may be discarded. We have, then, simply proof of more than a year's residence in Des Moines, which is in Polk county, and the question is, does this show a settlement in that county? The defendant insists that it does not. Its position is that, while a year's residence would be sufficient if Mrs. Cassidy were a single woman, or if a married woman and deserted by her husband, yet there is no evidence that she was a single woman, nor that she was a married woman deserted by her husband, and, as the burden of proof is upon the plaintiff, the fact of settlement is not made out. But it appears to us that the plaintiff made a *prima facie* case of settlement by proving the residence. If it were proven or conceded that she was a married woman, it might be necessary for the plaintiff to prove either that her husband resided in Polk county, or that she was deserted by him. Code, § 1352. But it is not proven nor conceded that she was a married woman. It is true, the witness

speaks of her as *Mrs.* Cassidy, but that would only show that the witness understood that she had been married. It would not be proof of a subsisting marriage, nor even of a marriage at any time. Besides, if it were so regarded, then there would be proof of desertion, for the evidence of that is of the same character. We think, then, that the fact of settlement in Polk county was established.

We come next to inquire whether she lost her settlement in Polk county. She did not lose it by a simple removal to Scott county, though with the intention of remaining there. One year's residence is necessary to effect a settlement. Code, § 1352. It is true this section is found in the chapter on the settlement and support of the poor, but we think it sufficiently general in its application to embrace the case of an insane person who becomes a county charge. But, while Mrs. Cassidy did not lose her settlement in Polk county immediately upon her removal to Scott county, yet, as she was sane when she removed to Scott county, and resided there more than a year, we have to determine whether she did not lose her settlement in Polk county at the end of the year. She was not warned to depart, nor was any order of removal made. It is true that a notice was given by the auditor of Scott county to the auditor of Polk county that Mrs. Cassidy had become a county charge. The plaintiff relies upon this as sufficient to prevent her from gaining a settlement in Scott county. Its position is, if we understand it, that after the service of such notice it became the duty of the supervisors of Polk county to make an order of removal, and that the effect must be the same as if they had discharged such duty, and that an order of removal, though not executed, as perhaps it could not be, would have the effect to prevent a settlement. If we should concede that the plaintiff's reasoning is sound, we should still have to say that we are unable to see that it has brought itself within the provision of the statute in respect to the notice. The statute relied upon is section 1357 of the Code. It provides for notice by order of the township trustees or board of

*2. —:—: statute concerning.*

*3. —:—: notice to prevent.*

supervisors. The notice given does not appear to have been given upon such order. Not having been given upon such order, we cannot say that the board of supervisors of Polk county was bound to make an order of removal, and, if not, we are not able to see that anything was done to prevent Mrs. Cassidy from acquiring a settlement in Scott county.

But while the notice might not have been sufficient, under section 1357, to obligate the board of supervisors of Polk county to make an order of removal, it was, we think, sufficient as the presentation of a claim, under section 1418. The auditor of Scott county wrote to the auditor of Polk county, October 18, 1879, saying that he enclosed a certificate of costs incurred by Scott county in the matter of the insanity of Mary Cassidy, and he requested the auditor of Polk county to lay the same before the board of supervisors. A reply was received from the auditor of Polk county, showing, at least inferentially, that the claim had been received and presented to the board of supervisors. It is admitted, also, by the defendant that a properly verified claim was filed with its auditor. At the time of the date of the letter of the auditor of Polk county, there does not appear to have been any costs or expenses incurred, except commissioners' and sheriff's costs, and these, it is shown, amounted to $42.82. This, then, appears to have been the claim presented, and upon its presentation, under the view which we have taken of Mrs. Cassidy's settlement, Polk county became liable to pay it. The liability having attached, we do not think that Polk county became discharged by reason of the fact that Mrs. Cassidy afterward acquired a settlement in Scott county. A claim was afterward made; to-wit, September 2, 1880, for $161.47, but it is not shown what part, if any, of this expense was incurred prior to the time Mrs. Cassidy acquired a settlement in Scott county, and for this reason, if no other, we do not think that any recovery can be had for it.

Under the evidence, it appears to us that the court should have rendered judgment for the plaintiff for $42.82, and interest thereon from October 18, 1879.          REVERSED.

SUPPLEMENTAL OPINION.

The plaintiff, in a petition for rehearing, questions the ruling of the court so far as it holds that Mrs. Cassidy gained a settlement in Scott county by one year's residence therein. The question as to whether she did or not depends upon the effect that should be given to the notice sent by the auditor of Scott county to the auditor of Polk county. The plaintiff's claim is that, if the notice was such as to obligate the supervisors of Polk county to make an order of removal, Mrs. Cassidy's status from that time became the same as if the order had been made. What the effect would have been if the notice had been such as to obligate the supervisors of Polk county to make an order of removal, we did not determine, because we thought that the plaintiff did not bring itself within the statute relied upon. That statute is section 1357 of the Code. It provides that the trustees of the township, or supervisors of the county where the relief is furnished may, in their discretion, cause the auditor of the county where the poor person has a settlement to be notified that he has become a county charge; that thereupon it will become the duty of the supervisors of the county where the poor person has a settlement to make an order of removal, etc. It is not pretended that the notice given was caused to be given by the trustees of the township or supervisors of the county where Mrs. Cassidy applied for relief. But it is contended that that fact is immaterial.

In the consideration of the case, we must not confound the notice, intended as a mere notice of a claim, with a notice intended to obligate the supervisors of the county notified to make an order of removal. It does not follow, because a person is obliged to apply for relief to a county where he has no settlement, that he should be removed at once to the county of his settlement, regardless of distance, expense, and all other circumstances. The county furnishing relief should have a right to call upon the county of the settlement for reim-

bursement without obligating the supervisors of the latter county to make an order of removal. The notice of a claim may be given after the person relieved has become self-supporting. In such case, it is abundantly evident that no order of removal could be properly made. So, also, if the person relieved has not become self-supporting, the trustees of the township or supervisors of the county where the relief is furnished should be allowed to exercise a discretion. Take the case at bar as an illustration. Mrs. Cassidy had been a dressmaker in the city of Des Moines. She had a brother residing in Davenport, and removed there from Des Moines, as we may presume, to be near her brother, and perhaps to continue her occupation there. When she became insane she had removed all her goods, and had established herself probably at some expense in her new home. Now, suppose that her insanity appeared to be of a temporary character, the case would not seem to call for an order of removal. As to what the character of the insanity was, we observe that the auditor of Scott county in the notice relied upon said: "The insanity, I learn, is of recent origin, and with proper treatment will probably be very temporary." But whatever the facts of this case may have been, it would be conceded that the cases are numerous where the relief furnished is temporary, and where an order of removal would be inexpedient. In such cases it should be allowable to give notice of a claim for relief furnished, without obligating the supervisors of the county notified to make an order of removal. If we turn to the statute, we shall see that it is allowable. The trustees of the township and supervisors of the county where the relief is furnished are vested with a discretion. The language of the statute is: "The trustees of the township or board of supervisors * * * * may in their discretion cause," etc. Where they omit to do so, the inference is that they do not deem the case one which renders an order of removal expedient. In such case, it is not for the county auditor to contravene the exercise of such discretion, even if he should

elect to do so.    But in the case at bar we do not think that
he had such intention.    We cannot give the notice the effect
claimed, on the ground that such notice was necessary to pre-
vent a settlement in Scott county.    The statute provides a
different mode of preventing a settlement.

The plaintiff contends, however, that the decision in this
case is in conflict with the decision in *The County of Cerro
Gordo v. The County of Wright*, 50 Iowa, 439.    But the
notice in that case was a mere notice of a claim.    There was
no question as to an order of removal or obligation to make
such order.    The notice given was held sufficient as a notice
of a claim, though not caused to be given by the township
trustees or county supervisors.    So in the case at bar, we
said: "While the notice might not be sufficient, under Sec.
1357, to obligate the board of supervisors of Polk county to
make an order of removal, it was, we think, sufficient as the
presentation of a claim, under Sec. 1418."    So far as the no-
tice of a claim is concerned, the provisions of Sec. 1357 have
no application, and that was substantially the ruling in *The
County of Cerro Gordo v. The County of Wright*, above
cited.    The section applicable was 1358.    But that section
provides only for charging the county where the settlement
is.    When a new settlement is gained, the county where it is
gained, of course, becomes liable.    Our opinion in the case
at bar proceeded upon the theory that Polk county was liable
for expenses incurred while it was the county of the settle-
ment, and not longer.

We think that the petition for a rehearing must be over-
ruled.