GREENWOOD V. JENSWOLD ET AL.

1. **Deed**: RECORD: INDEX: NOTICE. Where the record of a deed is duly referred to in the proper index, the index charges all persons with constructive notice of what appears of record, provided the deed is such that it is entitled to be recorded under the statute. (Code, § 1942; *Barney v. Little*, 15 Iowa, 527.)

2. ———: ACKNOWLEDGMENT: DEFECTIVE CERTIFICATE : RECORD : NOTICE. A certificate of acknowledgment which states that the person whose name is signed to it is a notary public in and for some city, county and state, but fails to state what city, county or state, except as this might be inferred from the seal attached, *held* insufficient to entitle the instrument to record: (*Willard v. Cramer*, 36 Iowa, 22;) also that the record of it, though duly indexed, did not impart to third persons constructive notice of the grantee's rights in the property conveyed.

3. ———: DEFECTIVE ACKNOWLEDGMENT : CURATIVE ACTS: APPLICATION. Section 1966 of the Code does not cure an acknowledgment which is defective under the laws of this state, unless it is shown that it was made according to the laws of the state where made. Nor does the record of a defectively acknowledged deed cure the defect, under § 1967 of the Code, where it appears either that the grantors did not sign the deed, or else that the deed has not been duly recorded.

*Appeal from Palo Alto Circuit Court.*

FRIDAY, JUNE 11.

ACTION in equity to determine the ownership of real estate. From the decree both parties appeal.

*Harrison & Jenswold*, for defendants.

*Soper, Crawford & Carr*, for plaintiff.

SEEVERS, J.—In 1886, John S. Wilcox owned the real estate in controversy, and both parties claim under him. The plaintiff claims that in 1866 Wilcox conveyed to N. G. Chesebro, and that the latter conveyed to the plaintiff in 1867. The defendants claim that the conveyance from Wilcox to Chesebro was not properly acknowledged and recorded, and that they did not have either express or constructive notice of such conveyance, and that Wilcox and wife in 1884 conveyed the premises in controversy to E. V. Sweeting, and that he afterward conveyed to the defendant John Jenswold, Jr., and that he afterwards conveyed a portion of the premises in controversy to one Damal, and he to the defendant Tobin. John Jenswold, Jr., conveyed the residue of the premises in controversy to the defendant H. J. Jenswold. The circuit court found for the plaintiff, as against John Jenswold, Jr., and the defendant Tobin, and found in favor of H. J. Jenswold as to the real estate conveyed to him, and a decree was accordingly entered.

I.   The material question is whether John Jenswold, Jr., should be charged with constructive notice of the convey-

1. DEED: record: index: notice.

ance from Wilcox to Chesebro. The original deed is not before us. The evidence tends to show that it has been accidentally destroyed. What purports to be a copy, as the same appears of record in the recorder's office, was introduced in evidence, and is now before us. It is insisted by counsel for the defendants that such conveyance was not properly acknowledged, and therefore was not entitled to be recorded, and consequently constructive notice was not imparted thereby. No objection is made to the sufficiency of the entry in the index book. This being conceded, the defendants were charged with constructive notice of whatever appeared of record, provided the instrument was one which under the statute could be deemed lawfully recorded. Code, § 1942; *Barney v. Little*, 15 Iowa, 527.

It is provided by statute "that the court or officer taking

the acknowledgment must indorse upon the deed or other instrument a certificate setting forth the following particulars: (1) The title of the court or person before whom the acknowledgment   *   *   *   was taken   *   *   *." The deed in question purports to have been acknowledged before a notary public in the state of Illinois, and the material portion of the certificate is in these words: "I, D. W. Coan, a notary public in said city and for said county, and the state aforesaid, do hereby certify," etc. This certificate purports to be signed, "D. W. Coan," with a notarial seal attached, upon which are these words and letters: "D. W. Cone, Notary Public, Elgin, Illinois." It will be observed that the certificate states that D. W. Coan was a notary in and for some city, county and state, but it fails to state what city, county or state, unless this can be sufficiently ascertained from the seal. Notaries public in this state have jurisdiction only within the respective counties for which they are appointed, and the "title" of each must be defined to be a notary public for some county, naming it. Unless the certificate so states it is worthless. The certificate must show the "county of the notary public making it." *Willard v. Cramer*, 36 Iowa, 22. This case is precisely in point, and it also holds that the defect in the certificate cannot be aided by the seal. We feel bound to follow the cited case. It follows that the conveyance from Wilcox, under which the plaintiff claims, was not properly acknowledged and recorded, and therefore the defendant John Jenswold was not charged with constructive notice thereof. The defendant, John Jenswold, Jr., testifies that he did not have any notice of such conveyance at the time Sweeting conveyed to him, and we are unable to conclude that he had. The evidence introduced by the plaintiff, clearly, we think, is insufficient to overcome the positive evidence of said defendant, who further testified that he paid $480 for the land, and in both respects he is corroborated by the witness Call. As Jenswold, Jr., is a purchaser for value without notice, it becomes immaterial to consider

*Marginal note:* 2. ———: acknowledgment: defective certificate: notice.

whether those claiming under him are such purchasers or not.

II. Counsel for plaintiff contend that, conceding the acknowledgment to be defective, yet, as the deed has been recorded, such defect has been cured by the provisions of sections 1966 and 1967 of the Code. The first section legalizes all conveyances which have been acknowledged or proved in any other state in accordance with the laws of such state. There is nothing in the record which tends to show that the Wilcox conveyance to Chesebro is acknowledged or proved in accordance with the laws of Illinois; therefore section 1966 of the Code has no application to the case in hand. Section 1967 of the Code legalizes all conveyances defectively acknowledged, which were "duly recorded" prior to the thirtieth day of April, 1872. It has been held that duly recorded means actually recorded, (*Brinton v. Seevers*, 12 Iowa, 389,) and it is held in *Fogg v. Holcomb*, 64 Iowa, 621, that before an instrument can be regarded as duly recorded it must appear from the record of the instrument that "every material part of the instrument" has been copied into the record. As the original deed was not introduced in evidence, it is impossible to determine whether it has been correctly copied into the record or not. In the absence of all evidence to the contrary, the presumption must obtain that the record is a correct copy of the deed. Now, the record fails to show a valid conveyance from Wilcox, because no consideration is expressed for it, and it is not signed by Wilcox or his wife. It is certainly essential that a conveyance of real estate should be signed by the grantor. If it is not, it cannot be enforced between the parties, but is void under the statute of frauds. If, then, the conveyance is the same as the record, no title passed from Wilcox to Chesebro. It is claimed, however, by the plaintiff that the evidence shows that Wilcox and wife did sign the deed to Chesebro. If this be so, then it follows that the deed has not been "duly recorded," for it certainly must be regarded that the omission of the signatures to the deed is the

3. ——:
defective acknowledgment: curative acts: application.

omission of a material portion thereof. The record fails to show that there ever was a valid conveyance from Wilcox to Chesebro, and therefore one or the other of the alteratives above stated must follow, and therefore the circuit court erred in entering a decree for the plaintiff.

REVERSED.