S. B. MILNER, Appellant, v. NELS NELSON, Appellee.

Acknowledgment of Deeds: NOTARY'S CERTIFICATE: SUFFICIENCY: NOTICE. A notary's certificate of acknowledgment to a chattel mortgage reciting that, on a day named, "personally came ——, to me known to be the identical person whose name is affixed to the foregoing instrument as grantor, and acknowledged the execution of the same to be his voluntary act and deed," is not fatally defective, because of the omission of the name of the grantor therein, where such name can be supplied by a reference to the body of the deed; and the record of such instrument is sufficient to impart constructive notice to a subsequent purchaser in good faith, without actual knowledge of its existence. ROBINSON, C. J., *dissenting*.

*Appeal from Audubon District Court.*—Hon. H. E. Deemer, Judge.

Thursday, October 20, 1892.

This case involves the validity of a chattel mortgage upon certain personal property. The plaintiff is the mortgagee, and the mortgage was executed by one A. B. Case. The defendant purchased the property of Case after the mortgage was executed, delivered, and recorded. The action is to recover the value of the property. There was a trial by the court, and it was found that the defendant was the owner, and the plaintiff appeals.—*Reversed.*

*Willard & Willard,* for appellant.

If the certificate is to be construed in the light of what is contained in the instrument purporting to have been acknowledged, then we submit the certificate was sufficient to entitle said instrument to be recorded, and that the record thereof imparted constructive notice. *Bell v. Evans,* 10 Iowa, 353; *Brunswick-Balke-Collender Co. v. Brackett,* 33 N. W. Rep. (Minn.) 214; *Smith v. Boyd,* 5 N. E. Rep. 319. Where a certificate of acknowledgment is ambiguous, the court may look to the instrument to which the certificate is attached, as well as to the certificate, for the purpose of determining and arriving at the true meaning of the officer. *Wilcoxen v. Osborn,* 77 Mo. 621; *Lincoln v. Thompson,* 75 Mo. 613; *Samuels v. Shelton,* 48 Mo. 444; *McClure v. McClurg,* 53 Mo. 173; *Ives v. Kimball,* 1 Mich. 316; *Harrington v. Fish,* 10 Mich. 415; *Newton v. McKay,* 29 Mich. 1; *Nelson v. Graff,* 44 Mich. 433; *Calumet, etc., Co. v. Russell,* 68 Ill. 426; *Logan v. Williams,* 76 Ill. 175; *Hiles v. La Flesh,* 59 Wis. 465; *Middleton v. Findla,* 25 Cal. 80; *Brooks v. Chaplin,* 3 Vt. 281; *Angier v. Schieffelin,* 13 Am. Rep. 659;

*Furnam v. London,* 13 Serg. & R. (Pa.) 386; *Basshor v. Stewart,* 54 Md. 376; *Kelly v. Rosenstock,* 45 Md. 389; *Hall v. Gettings,* 2 H. & J. (Md.) 380; *Wise v. Postlewait,* 3 W. Va. 452; *Sharpe v. Orme,* 61 Ala. 263; *Ingraham v. Grigg,* 13 Smed. & M. (Miss.) 22; *Morse v. Clayton,* 13 Smed. & M. (Miss.) 373; *Lone v. Shields,* 3 Yerg. (Tenn.) 405; *Kelly v. Calhoun,* 95 U. S. 710. The omission of the grantor's name when it can be supplied by the instrument or signature is not a fatal defect, and it is now generally held that if the name can be ascertained from the deed, the certificate must be sustained. *Wise v. Postelwait,* 3 W. Va. 452; *Phillips v. Ruble,* Litt. Sel. Cases (Ky.) 221; *Magness v. Arnold,* 31 Ark. 103; *Sanford v. Buckley,* 30 Conn. 344; *Wilcoxon v. Osborn,* 77 Mo. 621; *Lincoln v. Thompson,* 75 Mo. 613; *Chandler v. Spear,* 22 Vt. 388; *Donahoe v. Dawson,* 2 Ala. 203; *Lane v. Shields,* 3 Yerg. (Tenn.) 405.

*Andrews & Hanna,* for appellee.

The question for determination in this case is whether the omission of the name of A. B. Case, the grantor, from the certificate of acknowledgment to the mortgage, is fatally defective; so that the record thereof does not afford constructive notice of its contents. The law on the subject is very fully collected and cited in American and English Encyclopedia of Law, 147 to 159, title, Acknowledgment, paragraph 4; also in a note to *Livingston v. Kittell,* 41 Am. Dec. 166. As to identity of the party, at page 175. As to omission of grantor's name, page 175. Also in a note to *Wickersham v. Reeves,* 1 Iowa (Cole's), 413. Nothing will be presumed in favor of a certificate. It must comply substantially with the statutory requirements and state all the facts necessary to show a valid official act. Am. and Eng. Ency. of Law, 149, title,

Acknowledgment, par. 4, citing: *Tiffany v. Glover*, 3
G. Gr. 387; *Wickersham v. Reeves*, 1 Iowa, 413; *Dicker-son v. Davis*, 12 Iowa, 353; *Newton v. Samuels*, 17
Iowa, 528; *Buell v. Irwin*, 24 Mich. 145; *Spitznagle v.
Vanhesch*, 13 Neb. 338; *Becker v. Anderson*, 11 Neb.
497; *Wells v. Atkinson*, 24 Minn. 161; *Bigelow v.
Livingston*, 2 E. Minn. 57; *Kelley v. Calhoun*, 95 U. S.
710; *Carpenter v. Dexter*, 8 Wall. 513. See, also,
*Watson v. Bailey*, 2 Am. Dec. 462. The following
cases expressly hold that the omission of the grantor's
name from the certificate of acknowledgment is a fatal
defect. *Smith v. Hunt*, 13 Ohio St. 260; *Hayden v.
Westcott*, 11 Conn. 129. We have been unable to find
any Iowa case on the precise point, but some of the
Iowa cases treat of the subject of defective acknowl-
edgments, and may throw some light on this case.
See *Schafenburg v. Bishop*, 35 Iowa, 60; *Bell v. Evans*,
10 Iowa, 358; *Tiffany v. Glover*, 3 G. Gr. 387; *Wicker-
sham v. Reeves*, 1 Iowa, 417; *Reynolds v. Kingsbury*,
15 Iowa, 238. In *Smith v. Hunt*, 42 Am. Dec. 201
(13 Ohio, 260), an acknowledgment in this form was
held fatally defective; omitting caption. "Personally
appeared ———, who acknowledged that he did sign
and seal the foregoing instrument, and that the same
is his free act and deed. Wm. Burton, justice of the
peace." In *Stanton v. Button*, 2 Conn. 527, there was
an omission of the word "acknowledged" and the
court properly held that the certificate did not import
that the grantor had acknowledged the deed, and that
it was fatally defective. In *Hayden v. Westcott*, 11
Conn. 129, the name of the person who appeared was
omitted, and the certificate varied somewhat from the
usual form. There the words were: "Personally
appeared ———, and acknowledged this instrument
by him sealed and subscribed, to be his free act and
deed." A majority of the court were of the opinion
that the certificate did not fairly import that the

grantor appeared, for that although the words "by him sealed and subscribed," referred to the grantor, they did not, with certainty, to a common intent refer to the person who appeared to make the acknowledgment. It is the purpose of our statute, that a party may, by *ex parte* evidence, prove a mortgage so that it may be recorded, and the record thereof afford constructive notice of its contents. It is the peculiar duty of the officer under this statute, to prove by his certificate—which he cannot impeach—the identity of the party who makes the acknowledgment, with that of the mortgagor. The defect in this case, as we think, is the failure of the certificate to prove the identity of the party who pretends to acknowledge with that of the grantor. This fact, under our statute, ought to be proven positively by the certificate. It would be a mischievous rule to establish that a statute of this kind is complied with by taking the intent for what the act should have been, or that the omission of careless officers shall be helped out by such indulgences. Where the acknowledgment is fatally defective the record of the deed does not give constructive notice. *Dussaume v. Bennett*, 5 Iowa, 95; *Brinton v. Seevers*, 12 Iowa, 389; *Reynolds v. Kingsbury*, 15 Iowa, 238. Not even if the record shows it correct. *Newman v. Samuels*, 17 Iowa, 528; *Simms v. Hervey*, 19 Iowa, 273.

ROTHROCK, J.—The defendant had no actual knowledge of the mortgage when he purchased the property. The sole question is whether the mortgage was in its form sufficient to impart constructive notice to the defendant. The defect which the defendant claims is fatal to the mortgage is to be found in the acknowledgment, which is in these words:

"STATE OF IOWA, } ss.
  Cass County, }

"Be it remembered, that on the 12th day of October, 1887, before the undersigned, James G. Whitney,

notary public in and for said county, personally came
———, to me known to be the identical person whose
name is affixed to the foregoing instrument as grantor,
and acknowledged the execution of the same to be his
voluntary act and deed. Witness my hand and seal
the day and year last above written.

"[SEAL.]    JAMES G. WHITNEY, Notary Public."

This certificate of acknowledgment is in due form
of law, with the exception that the name of the grantor
is left blank. It was held by the district court that by
reason of said omission the acknowledgment was fatally
defective, and did not impart constructive notice to the
defendant. The mortgage was signed by A. B. Case,
the grantor, and it was filed for record on the day after
it was executed, and was duly recorded before the
defendant purchased the property. It does not appear
that there was any defect in the record of indexes in
the recorder's office. The statute of this state pre-
scribing the requisites necessary to an acknowledgment
of a deed or mortgage is found in section 1958 of the
Code, and is as follows:

"The court or officer taking the acknowledgment
must indorse upon the deed or other instrument a cer-
tificate setting forth the following particulars: *First.*
The title of the court or person before whom the acknowl-
edgment is taken. *Second.* That the person making the
acknowledgment was personally known to at least one
of the judges of the court, or to the officer taking the
acknowledgment, to be the identical person whose
name is affixed to the deed as grantor, or that such
identity was proved by at least one creditable witness,
naming him. *Third.* That such person acknowledged
the instrument to be his voluntary act and deed."

There have been a number of cases in this court in
which acknowledgments have been questioned and
held to be valid or invalid. It was held in *Bell v.
Evans*, 10 Iowa, 353, that the certificate is not required

to be in the exact words of the statute, and that reference may be had to the body of the deed or mortgage in aid of the certificate of acknowledgment. In *Cavender v. Smith's Heirs*, 5 Iowa, 159, it was held that such a certificate is good, though not in the language of the statute, provided the words used substantially comply with the object and meaning of the law. See, also, *Tiffany v. Glover*, 3 G. Greene, 387, and *Wickersham v. Reeves*, 1 Iowa, 413. In *Scharfenburg v. Bishop*, 35 Iowa, 60, attention is called to the fact that the statute does not in terms require that the certificate of acknowledgment shall set forth that the person making the acknowledgment did personally appear before the officer. It may also be said that the statute does not expressly require that the name of the person making the acknowledgment to be inserted in the certificate. It does require that, if a witness be called to prove the identity of the grantor, he shall be named in the certificate. We cite these cases for the purpose of showing that there is no requirement that the statute shall be followed literally, and that a substantial compliance is sufficient. Of course, where, as in the cases cited, and in other cases, some substantial fact is omitted, such as that the instrument was voluntarily executed, the defect would be fatal. In such case the searcher of the record of liens would find that there was no evidence of a voluntary act, and reference to the body of the instrument would not aid the certificate of acknowledgment.

A very full and exhaustive article upon the subject of acknowledgments may be found in 1 Am. & Eng. Encyclopedia of Law, p. 143. It is there stated that a "certificate must be construed with reference to the instrument it is attached to, and the instrument is allowed to help out the construction of the certificate, and, if the certificate is inconsistent with the instrument, and ambiguous, the court will look to the instru-

ment, or any part of it, together with the certificate, in order to arrive at the true meaning of the officer." In a note to the statement above quoted authorities are cited from some fourteen states, and from the supreme court of the United States. It is not necessary to more than refer to these cases. They are in harmony with the decisions of this court. Again, it is said in the article above cited that "the name of the grantor should appear, although it is now generally held that, if the name can be ascertained from the deed, the certificate will be sustained." A large number of authorities are cited in support of this last proposition. Among the cases cited is the following: *Kelly v. Rosenstock*, 45 Md. 389, where a statute required that a certificate of acknowledgment shall state "the time when it was taken;" it was held that the whole instrument might be examined, and that the date of acknowledgment might be determined by such an examination. In *Chandler v. Spear*, 22 Vt. 388, it was held that, "although the name of the grantor in a deed is defectively stated in the certificate of the acknowledgment, yet, if it appear from the whole instrument with reasonable certainty that it was acknowledged by the grantor, it is sufficient." In *Sanford v. Bulkley*, 30 Conn. 344, the certificate to the acknowledgment was in these words: "Personally appeared ———, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed." It was held that the acknowledgment was good. In *Wilcoxon v. Osborn*, 77 Mo. 622, the certificate was substantially the same as in the case at bar, and it was held that it was sufficient when construed with reference to the deed to which it was attached. And in *Bradford v. Dawson*, 2 Ala. 203, it was held that, "when the certificate does not pursue the form required by statute, the deed may be looked into to support the defective certificate." See, also, Martindale on Conveyances, section 259.

It is true that there is not entire harmony in the adjudged cases upon the question. In *Gove v. Cather*, 23 Ill. 634, the right of a wife to dower was involved. The certificate of acknowledgment did not state that the wife was known to the officer to be the person who signed the deed, and it was defective in other respects. It was held that the certificate was bad. The statute of that state required that the certificate should state that fact, and that the statutory form must be substantially complied with. That was an omission of matter of substance. The case of *Tully v. Davis*, 30 Ill. 103, is to the same effect. The defect in that case was that the officer did not certify that the person making the acknowledgment was known to the officer to be the person who executed the deed. In *Smith's Lessee v. Hunt*, 13 Ohio, 260, the name of the grantor was blank in the certificate of acknowledgment. It was held that the acknowledgment was fatally defective. But in that case the officer did not certify that he knew the person who did appear before him was the person who signed the instrument as grantor. The certificate is a mere recitation that the person acknowledged that he did sign and seal the instrument. There was no identity of the person shown, as in the case at bar. In the case of *Merritt v. Yates*, 71 Ill. 636, it is held that where the husband and wife executed a deed, and appeared before an officer and acknowledged it, the certificate of acknowledgment was defective because in that part which required a privy examination of the wife separate and apart from the husband the names were left blank. The decision was under a statute which required the officer to examine the wife separately and apart and out of hearing of the husband, and to make known the contents of the instrument to her. We have no such requirement in this state. A privy examination of the wife in such cases arose out of the idea that a wife is subject to the

will of the husband, and an examination of the present laws of conveyances will show that the modern method of conveyancing is based upon the idea that a married woman is not presumably under any such restraint. In all these cases the thought is nowhere expressed that in determining whether a certificate of acknowledgment is sufficient, not only the certificate, but the whole instrument, must be examined and considered; or, as is said in *Carpenter v. Dexter*, 8 Wall. 513: "In aid of the certificate, reference may · be had to the instrument itself, or any part of it. It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections."

It is unnecessary to prolong this discussion further   The certificate shows unmistakably that some person appeared before the notary public; that the person who thus appeared was known to the officer to be the identical person whose name was affixed to the instrument as grantor; and that the person whose name was so affixed acknowledged the same to be, his voluntary act and deed. Direct reference is made to the signature to the mortgage as an identification of the person who appeared before the officer. A glance at the signature to the mortgage fully identifies A. B. Case as the person who appeared before the notary. It appears to us that the reasoning by which it is sought to make it appear that the blank in the acknowledgment imports that no person appeared before the officer is too refined to be applied to the business transactions of men. The whole scope and meaning of the certificate shows that the grantor in the mortgage appeared before the officer. In our opinion, to hold otherwise would defeat rights by a mere technicality. If a person were to go to the record of mortgages of Audubon county, he would find from the index that on the twelfth day of October, 1887, A. B. Case executed a mortgage on

certain personal property to S. B. Milner, and, upon referring to the mortgage as spread upon the records, he would find that A. B. Case signed the mortgage, and immediately following that he would find this certificate of acknowledgment. In our judgment, he would there find every substantial requirement of the statute.

The judgment of the district court is REVERSED.

ROBINSON, C. J., (dissenting).—As I understood this case, the question involved is not whether the mortgage in controversy is valid as between the parties to it, but whether it was so acknowledged that the record thereof imparted constructive notice to a subsequent purchaser in good faith without actual knowledge of its existence. That the certificate of the officer who takes the acknowledgment may be so drawn as to identify the person who makes the acknowledgment by reference to the instrument which he has executed without inserting his name in the certificate, is not doubted; and, if it were true, as stated in the foregoing opinion, that the certificate in question shows unmistakably that a person appeared before the notary public, who was known to him to be the identical person whose name was affixed to the instrument as grantor, and acknowledged the same to be his voluntary act and deed, there could be no controversy as to its sufficiency. It seems to me, however, that the certificate cannot be given that effect without disregarding the ordinary rules of construction as well as established practice. It is in a form sanctioned by long and almost universal usage in this state, which has never been treated as sufficient unless it contain the name of the person who acknowledged the instrument to which it is attached. This fact may well be considered in determining whether the language it contains was designed by the officer to be a complete identification of the

mortgagor. That the language used does not have that effect, excepting as it is aided by construction, is evident. The words following the blank were not designed to show whose name should be inserted therein, but are so used as to depend for their meaning upon that name when it should be so' inserted. They were not intended to be effectual until the blank should be filled.

It has been said that manifest defects in a certificate of acknowledgment cannot be supplied by construction. *Gove v. Cather*, 23 Ill. 641. It has also been held that a certificate from which a material word was omitted was fatally defective, even though it were impossible to fill the blank with any other than the omitted word, or set of words, and make sense. *Tully v. Davis*, 30 Ill. 108. Where the certificate recited that the person who appeared before the officer "acknowledged that —— had signed, sealed and delivered" the instrument, it was held that the omission of the word "he" made the certificate insufficient. *Huff v. Webb*, 64 Tex. 286. The same rule was announced in *Buell v. Irwin*, 24 Mich. 152. In *Smith's Lessee v. Hunt*, 13 Ohio, 260, the body of the certificate of acknowledgment to a mortgage was in the following form: "Personally appeared ——, who acknowledged that he did sign and seal the foregoing instrument, and that the same is his free act and deed." This was held to be insufficient, the court saying that, whether it was in compliance with the law depended solely upon the fact "whether blank and Ezekiel Folsom, the grantor, are synonymous. If Folsom is blank and blank is Folsom, the execution of the mortgage is complete," and concluding that there was no evidence that such was the fact. In *Hayden v. Westcott*, 11 Conn. 131, it was held that a certificate which recited the following: "Personally appeared ——, and acknowledged this instrument, by him sealed and subscribed, to be his free act and deed"—was held to be insufficient, on

the ground that "a court cannot by intendment or construction fill a blank or supply a word. It can only decide on the meaning and import of the words made use of." In *Merritt v. Yates*, 71 Ill, 636, the certificate under consideration was in the following form: "I Jackson Lewis, a justice of the peace in and for said county, in the state aforesaid, do hereby certify that Susan Merritt and James Merritt, her husband, personally known to me as the same persons whose names are subscribed to the annexed deed, appeared before me this day in person, and acknowledged that they signed, sealed and delivered the said instrument in writing as their free and voluntary act, for the uses and purposes therein set forth. And the said ——, wife of the said ——, having been by me examined separate and apart and out of the hearing of her husband, and the contents and meaning of the said instrument of writing having been by me fully made known and explained to her, and she also by me being fully informed of her rights under the homestead laws of this state, acknowledged that she had freely and voluntarily executed the same, and relinquished her dower to the lands and tenements therein mentioned and also all her rights and advantages under and by virtue of all laws of this state relating to the exemption of homesteads, without compulsion of her said husband, and that she do —— not wish to retract the same." It was adjudged to be fatally defective in not showing whose wife was made acquainted with the contents of the deed and privily acknowledged the same. The court held that, if the language used, however ungrammatical, clearly expressed what was intended, it would be sufficient, but that the intent must appear without mere inference or conjecture. It is true this acknowledgment was made under a statute which required a separate examination of the wife, but that requirement was no more essential than is the personal appearance

and identification of the grantor under the statute of this state. The question in the case was whether the language of the certificate identified the wife who acknowledged the instrument as the one who executed it. Certainly, if the language used in the certificate in that case was insufficient, the one in question in this case should be held to be so, as they are governed by substantially the same rules of construction. In all the cases cited the material words omitted could have been supplied by intendment as readily as in the certificate under consideration.

It is true that some authorities support the rule of the majority opinion. Of the many cited in American and English Encyclopedia of Law, under the title "Acknowledgment," comparatively few apply to the question in controversy in this case, but of those which do apply the larger number seem to be in conflict with the opinion of the majority. It appears to me that the omission under consideration is not merely clerical, but that it goes to the substance of the certificate. It also appears to me that the opinion of the majority is not only against the better reasoning and weight of authorities, but that it will open the door to fraud, encourage laxness, confusion, and uncertainty in business transactions, and, while doing justice in some cases, that its general effect will be evil.

It is my opinion that the judgment of the district court is right, and that it should be AFFIRMED.