REEVES & Co., Appellant, v. THE COLUMBIA SAVINGS BANK,
Appellee.

**Acknowledgments:**  WHEN DEFECTIVE:  CONSTRUCTIVE NOTICE.  A
notary's certificate of acknowledgment which fails to recite that he
is a notary in and for the county where the acknowledgment pur-
ports to have been taken, independently of the caption to the cer-
tificate, is fatally defective; and the recording of an instrument
thus defectively acknowledged does not impart constructive notice.

*Appeal from Marion District Court.*—HON. W. H. FAHEY, Judge.

MONDAY, JUNE 22, 1914.

ACTION of replevin. The plaintiff claimed the right of possession of the property involved by virtue of a chattel mortgage thereon. The defendant also claimed the right of possession by virtue of another mortgage on the same property and had taken possession of the property under its mortgage previous to plaintiff's suit. The plaintiff's mortgage was prior in time. The defendant claimed to be an innocent mortgagee for value without notice, actual or constructive, of plaintiff's prior mortgage. The plaintiff's mortgage was on record. The validity of such record for the purpose of constructive notice was assailed by defendant on the ground of defective acknowledgment. The trial court found for the defendant. The plaintiff appeals.—*Affirmed.*

*W. H. Lyon,* for appellant.

*Crozier & Welch,* for appellee.

EVANS, J.—Plaintiff's mortgage was dated February 21, 1912. It purported to have been acknowledged on March 26th, and was entered upon the chattel mortgage records of Marion county on March 29th. The mortgage of defendant was executed on April 20, 1912.

The case was tried to the court without a jury. No dispute of fact is involved. The defendant's mortgage was given for full considerations and without actual notice of plaintiff's mortgage. Whether the recording of plaintiff's mortgage imparted constructive notice to the defendant depends upon the sufficiency of the acknowledgment. Such acknowledgment was as follows in full:

State of Iowa, County of Marion, SS.: Be it remembered that on this 26th day of March, A. D. 1912, before me, the undersigned, a notary public, personally came G. E. Dutcher, to me personally known to be the identical person whose name is subscribed to the foregoing instrument of writing as party thereto, and acknowledged the same to be his free and voluntary act and deed for the consideration and purpose herein mentioned and set forth. In testimony whereof I have hereunto set my hand and seal the day and year first above written. [Seal.]   Ed. M. Workman.   My commission expires 4th day of July, 1913.

The defect alleged in the foregoing acknowledgment is that the certificate does not show the title of the officer before whom the acknowledgment was made as required by section 2948. It will be noted that the certificate purports to be made by a "notary public," but the name of the county for which such official was a notary public does not appear therefrom. In *Willard v. Cramer,* 36 Iowa, 22, and in *Greenwood v. Jenswold,* 69 Iowa, 53, it was held that the name of the county is an essential part of the title of a notary public. Every notary public in this state is appointed as such for some particular county, and his title is not set forth within the meaning of the statute unless such county is indicated. This general proposition is undisputed by the appellant. His contention is that the name of the county sufficiently appears in the caption to the certificate and that it may be fairly inferred therefrom that the acting notary was a notary public for such county. If the certificate had made any reference to the caption or to "said county," it may be assumed for the present argument that it would have been sufficient. No such reference is to be found in the certificate. The caption lays the venue and is sufficient to indicate that the acknowledgment was taken in Marion county. By the express requirements of section 2959 of the Code, such caption is required, and it is required to "precede the certificate." According to the statute, the function of such caption is to show "where the acknowledgment is taken." Obedience to this requirement

does not dispense with obedience to section 2948. The form set forth in section 2959 sets forth the official title of a notary public as ''notary public in and for said county.''

In the certificate under consideration, all that appears is that the acknowledgment was made in Marion county and that it was made before a notary public for some county. If the defect could be cured by inference, it might be reasonable to infer that the notary in question would not take an acknowledgment in Marion county unless he was a notary of that county on the theory that a public official would not do an illegal act. But he might have been a notary in and for any one of the adjoining counties to Marion and be thereby authorized to take acknowledgments in Marion county under the provisions of section 2942, Code Supplement. So that his official title could not be ascertained by mere inference based upon the assumption of the legality of his act. Discussion along this line, however, is needless. In the *Willard* and *Greenwood* cases, *supra,* it was expressly held that the omission of the county from the official title could not be supplied by mere inference. In the *Willard* case, the name of the county was made to appear by the impression of the notarial seal. But this was held insufficient. Appellant urges a distinction between the two cited cases and the case at bar, but we see none favorable to the appellant. The effect of the caption we have already considered. The case is ruled at all points by the cited cases.

The trial court properly held that the acknowledgment was fatally defective. The recording of the instrument therefore was not sufficient to impart constructive notice. The defendant was therefore entitled to priority under its mortgage.

The order dismissing the petition was right, and it is accordingly—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.