## In re BRANSON.

(District Court, S. D. Iowa, Davenport Division. November 15, 1926.)

### No. 5647.

1. **Acknowledgment ⟨≈⟩53—Iowa statute prescribing form of acknowledgment to entitle instrument to record held mandatory (Code Iowa 1924, §§ 10096, 10103).**

Code Iowa 1924, § 10096, provides that the certificate of acknowledgment to an instrument, to entitle it to record as constructive notice, shall state the title of the officer taking the proof. The Supreme Court of the state held that the caption and signature were not parts of the certificate, but preceded and followed it. At its extra session the Fortieth General Assembly enacted what is now section 10103, Code 1924, prescribing a form of certificate, stating in the body thereof the name and title of the officer making it. *Held* that, in view of the prior decisions, such statute is mandatory, and the form must be substantially followed to entitle the instrument to record.

2. **Bankruptcy ⟨≈⟩140(1½)—Defective acknowledgment of conditional sale contract renders it void against creditors of bankrupt purchaser (Code Iowa 1924, §§ 10016, 10103).**

Under Code Iowa 1924, § 10016, which requires a conditional sale contract to be acknowledged and recorded, to be valid against creditors of the vendee, an acknowledgment to such a contract, defective under section 10103, renders it void as against creditors of a bankrupt.

In Bankruptcy. In the matter of Robert A. Branson, bankrupt. On review of an order of the referee. Reversed.

Referee F. A. Cooper's report is as follows:

"That during the progress of the aforesaid bankruptcy the Dayton Scale Company filed claims, asking priority, to which the trustee filed objections, and by order entered by the referee herein on August 17, 1926, said claims were allowed as priority. That trustee has filed petition for review, and that in compliance therewith, the following matters are submitted and attached hereto: (1) Claims of the Dayton Scale Company; (2) objections of trustee; (3) rulings of referee.

"Only certain of the objections were urged, and trustee based his objections mostly upon the form of the notary's certificate attached to the claim. I find that it was necessary that in a notary's certificate in this state, the following appear: (1) Venue; (2) a form of certificate of acknowledgment, with signature thereto; (3) that the title of the officer appear in the body of the certificate, or after the signature, and that the same appears to be the universal ruling in all the states.

"It appears that section 10103 of the Code of 1924 was duly enacted by the Legislature, which seems to infer that the title of the acknowledging officer should appear in the body and after the signature; however, I cannot find that the Legislature made this mandatory, after considering sections 10101, 10102, and 10103."

A. G. Sampson, of Davenport, Iowa, for claimant.

Albert Block, of Davenport, Iowa, for trustee.

WADE, District Judge. [1, 2] If it were not for the later amendment of the Iowa Statute (Acts 40 E. G. A. Ex. Sess. H. F. 77, § 35), designating the form of acknowledgment, I would be inclined to agree with the referee in holding the statute to be directory only; but this amendment was made after the decisions of the Supreme Court holding the requirements of the statute to be mandatory. Therefore it indicates an intention on the part of the Legislature to conform the statute to the ideas expressed by the Supreme Court. Of course, the Legislature has the power to specify the conditions of acknowledgment, and such conditions are binding upon all courts.

We must remember that the statute has relation to an arbitrary requirement as to constructive notice; hence arbitrary conditions in the statute of acknowledgment may well be made. The case of Milner v. Nelson, 86 Iowa, 452, 53 N. W. 405, 19 L. R. A. 279, 41 Am. St. Rep. 506, has some valuable reading. The rule in other states is of little help, because of the variance in the different statutes; but, upon the whole, they tend to sustain the petition for review. The strongest consideration is that the Supreme Court of Iowa holds that the heading and the signature of notary is no part of the "certificate." In the absence of such a holding, my first impression would be that "M. B. Haines, Notary Public in and for Montgomery County, Ohio," was part of the "certificate"; but it seems that the Supreme Court viewed the certificate as consisting only of the words from "on the 17th day of February" to "the voluntary act of said corporation." Code 1924, § 10103; Willard v. Cramer, 36 Iowa, 22, 23, 24; Greenwood v. Jenswold, 69 Iowa, 53, 55, 28 N. W. 433; Reeves & Co. v. Columbia Savings Bank, 166 Iowa, 411, 414, 147 N. W. 879; Lee County Sav. Bank v Snodgrass Bros., 182 Iowa, 1387, 1390, 166 N. W. 680.

In view of this holding, it is, of course,

apparent that one of the elements or statements of the "certificate" is omitted. Therefore I feel constrained to hold that the certificate is insufficient.[1]

### Order.

And now, to wit, on this 15th day of November, 1926, the petition for review herein, having been heretofore submitted, the court, being now fully advised, finds that said petition for review should be, and the same is, hereby granted, the ruling of the referee is reversed, and claim of Dayton Scale Company to preference is denied.

Exception allowed.

---

[1] Code 1924, § 10096, prescribes the contents of the certificate, and section 10016 requires conditional contracts of sale or lease to be acknowledged and recorded, or filed and deposited, the same as chattel mortgages, to be valid against creditors or purchasers.