## In re MEAKINS.

District Court, N. D. Iowa, Cedar Rapids Division. April 12, 1928.

### No. 1767.

1. **Bankruptcy** ⬤152, 184(2)—Title of trustee in bankruptcy relates back to time of adjudication, and notice of incumbrance after that date is unavailing (Bankr. Act, §§ 47a, 70a, 11 USCA §§ 75(a), 110(a)).

Under Bankruptcy Act, §§ 47a, 70a, 11 USCA §§ 75(a), 110(a), title of trustee in bankruptcy of estate of a bankrupt relates back to time of adjudication, and actual notice of an incumbrance at any time after that date is unavailing.

2. **Acknowledgment** ⬤33—Subscription is part of certificate of acknowledgment.

Subscription is a part of certificate of acknowledgment, since certificate would be incomplete without it.

3. **Acknowledgment** ⬤3—Iowa statute changing prescribed form of certificate of acknowledgment held not to change essentials prescribed in another statute (Code Iowa 1924, §§ 10103, 10094; Code Iowa 1897, § 2959).

Code Iowa 1924, § 10103, changing slightly form prescribed for form of certificate of acknowledgment from that of Code Iowa 1897, § 2959, by inserting blank between words "me" and "personally," under which was written, "insert title of acknowledging officer," held not to change essentials required in certificate of acknowledgment under section 10094, in view of chapter 6, enacted at recent special session of Legislature amending Code Iowa 1924 and 1927, § 10103.

4. **Acknowledgment** ⬤32—Certificate of acknowledgment indorsed on chattel mortgages held valid, though title of acknowledging officer did not appear in body of certificate (Code Iowa 1924, §§ 10103, 10094; Code Iowa 1897, § 2959).

Certificate of acknowledgment indorsed on chattel mortgages held valid, though title of acknowledging officer did not appear in body of certificate as required by Code Iowa 1924, § 10103, where it complied with section 10094, prescribing essential requirements of certificate of acknowledgment and was in form prescribed by Code Iowa 1897, § 2959.

In Bankruptcy. Edward Oscar Meakins filed a voluntary petition in bankruptcy, and was duly adjudicated. T. J. Davis and others, as trustees of the Alburnett Savings Bank, filed a claim, based on notes, for allowance as a secured claim. The referee

disallowed the claim as a secured claim, and allowed it as a general claim, and claimants filed a petition for review. Referee's order reversed, and matter remanded, with directions.

Chas. J. Haas, of Marion, Iowa, for claimants.

R. S. Milner, of Belle Plain, Iowa, for trustee.

SCOTT, District Judge. On January 3, 1928, Edward Oscar Meakins filed his voluntary petition in bankruptcy, and on January 4th was duly adjudicated. Later, and on January 12th, the bankrupt filed his schedules, and on January 24th W. R. Watsabaugh was elected trustee.

Among the claims filed was one by T. J. Davis, H. A. W. Koch, and W. B. Andrew, as trustees of the Alburnett Savings Bank. The claim is based upon two promissory notes for $3,500, and $156.06, respectively, and the indebtedness evidenced purported to be secured by two chattel mortgages, one dated April 17, 1925, and filed for record on the same date, and one dated June 23, 1927, and filed for record on the same date. The claim was filed as a secured claim. Upon the filing of the claim, the trustee appeared and filed objections to its allowance as a secured claim upon the ground that the chattel mortgages were invalid as against the trustee, for the reason that they were not acknowledged in accordance with the laws of Iowa, and that the recording thereof did not give constructive notice so as to impress the trustee therewith. There was a hearing before the referee, the objection of the trustee was sustained, the claim disallowed as a secured claim and allowed as a general claim.

The claimants seasonably filed their petition for review, assigning as error the action of the referee in disallowing the claim as secured. The petition for review presents but two questions: (1) The sufficiency of the certificate of acknowledgment of the notary; and (2) the contention that the filing of the schedules on January 12th, describing the indebtedness as secured by mortgages, constituted actual notice to the trustee, sufficient to sustain the validity of the security.

The questions involved have been ably argued by counsel for the claimants and for the trustee, and the petition submitted upon the two questions stated. I shall dispose of the second question first.

[1] Section 47 (a) of the Bankruptcy Act as amended by the Act of 1910 (11 USCA § 75 [a]) provides: "Such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon."

Section 70 (a) 11 USCA § 110 [a]) provides: "The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt."

Under these sections as uniformly construed, the title of the trustee relates back to the time of the adjudication, and actual notice of an incumbrance at any time after that date would be entirely unavailing. Albert Pick & Co. v. Wilson (C. C. A.) 19 F. (2d) 18, and cases cited. This was the view taken by the referee, and I think his order was correct upon that question.

The question of the sufficiency of the certificates of acknowledgment, and upon which the referee held the record of the mortgages invalid, requires a more critical examination. The certificates of acknowledgment were identical as to each of the mortgages, and were in the exact form prescribed by section 2959 of the Code of Iowa of 1897. The specific point upon which the sufficiency of the certificates is challenged is that they do not conform to the form prescribed by section 10103 of the Iowa Code of 1924, which was in force at the time of the execution of both of the mortgages in question. Consideration of this question requires an examination of the statutory provisions of this state respecting the essentials and forms of acknowledgment before and after the Code of 1924.

There are two pertinent sections touching the sufficiency of certificates of acknowledgment in the Iowa Codes of 1897 and 1924. Section 2948 of the Code of 1897 I think is the section designed to prescribe the essential requirements of a certificate of acknowledgment. That section is as follows:

*"Certificate of Acknowledgment.* The court or officer taking the acknowledgment must indorse upon the deed or instrument a certificate setting forth the following particulars:

"1. The title of the court or person before whom the acknowledgment was made;

"2. That the person making the acknowledgment was known to the officer taking the acknowledgment to be the identical person whose name is affixed to the deed as grantor,

or that such identity was proved by at least one credible witness, naming him;

"3. That such person acknowledged the execution of the instrument to be his voluntary act and deed."

It will be observed that the language of the section is mandatory in form, and that there are three essential requirements: The title of the court or person before whom the acknowledgment was made; the identity of the person acknowledging; and the fact that such person did acknowledge the instrument to be his voluntary act and deed.

Section 2959 of the Code of 1897 prescribed a series of forms which should be deemed sufficient in law. It will be observed that these forms all embodied the essential requirements of section 2948. I think it has never been seriously doubted that the first form prescribed by section 2959 to be used "in the case of natural persons acting in their own right" embodied all of the essentials of section 2948.

When the statutes were recodified in 1924, and the Code of 1924 adopted, section 2948 of the Code of 1897 was included without change as section 10094. In that publication, section 2959 was included with one slight change as section 10103. Between the word "me" and the word "personally," as they appear in line 1 of section 2959, an extended blank was inserted in section 10103 of the Code of 1924, under which was written parenthetically in small type the words, "insert title of acknowledging officer." Whether this change was made to bring about more completeness of diction, or whether confusion and uncertainty had arisen in the minds of the Legislature on the point whether the subscript was to be deemed a part of the certificate, we need not inquire.

Counsel for the responding trustee urge the case In re Branson (D. C.) 17 F.(2d) 377, as an authority which should rule the present case. In that case District Judge Wade sitting in the Southern district of Iowa seems to have held a similar certificate invalid. In the opinion in that case Judge Wade said: "The strongest consideration is that the Supreme Court of Iowa holds that the heading and the signature of notary is no part of the 'certificate.' In the absence of such a holding, my first impression would be that 'M. B. Haines, Notary Public, in and for Montgomery County, Ohio,' was part of the 'certificate'; but it seems that the Supreme Court viewed the certificate as consisting only of the words from 'on the 17th day of February' to 'the voluntary act of said corporation.' Code 1924, § 10103; Willard v. Cramer, 36 Iowa, 22, 23, 24; Greenwood v. Jenswold, 69 Iowa, 53, 55, 28 N. W. 433; Reeves & Co. v. Columbia Savings Bank, 166 Iowa, 411, 414, 147 N. W. 879; Lee County Sav. Bank v. Snodgrass Bros., 182 Iowa, 1387, 1390, 166 N. W. 680."

I have examined all of the cases cited by Judge Wade, as well as many others, but cannot adopt the conclusion that these cases so hold. The point decided in these cases was that the name of the county for which the notary was appointed was an essential part of the certificate. And these cases decided that a certificate of acknowledgment that did not contain the name of the county for which the notary was appointed, either in the body of the certificate or the subscript, was invalid. It was said in Willard v. Cramer, 36 Iowa, 22, that: "Notaries are appointed in and for the counties of the state, and not for the state at large. * * * Each one, therefore, is properly designated by the county for which he receives his appointment in the same manner that county officers are described, thus 'A. B., a notary public for Polk county.' This designation is his official style or title. The law requires that the certificate of acknowledgment of a written instrument shall set forth the title of the court or person before whom the acknowledgment was taken. * * * The certificate to the instrument in question, in omitting to give the county, utterly fails to comply with this requirement." It was held in that case that the impression of the notary's seal, which contained the words "Marshall County" in addition to the words required by the statute, did not cure the defect. The remaining cases cited in Re Branson, follow Willard v. Cramer and decide the same point. The logic of these cases is that, inasmuch as the name of the county is a part of the official title, it must appear somewhere in the certificate. The Supreme Court of Iowa, so far as I have been able to find, has never held that the subscription in form, "A. B., Notary Public in and for Polk County, Iowa," is no part of a certificate of acknowledgment.

The certificate of acknowledgment naturally divides itself into two brackets, the body and the subscription. In Fogg v. Holcomb, 64 Iowa, 621, 21 N. W. 111, the Supreme Court distinguish between "the body" of the certificate and the remaining part. In that case the name of the notary was signed as usual, but did not appear in the body of the certificate. The Supreme Court said: "Objection was also made to the in-

troduction of the deed from Charles S. Fogg to plaintiff, on the ground that 'the certificate of acknowledgment does not contain the name of the officer before whom the acknowledgment was made.' The certificate recites 'that on the thirty-first of May, 1882, before me, the undersigned, a notary public in and for said county, personally came,' etc. But the name of the notary is not written in the body of the certificate. It is, however, signed by him. Section 1958 of the Code requires that the certificate shall set forth the title of the court or officer before whom the acknowledgment is made. This is done in the certificate in question. But there is no requirement that the name of the officer shall be set out in the body of the certificate."

[2] Manifestly the subscription is a part of the certificate. The certificate would be incomplete without it—there would be no certificate. It is possible that a certificate would be complete without the venue usually prefixed, for that only indicates where the certificate was made. But to say that an official certificate can exist without the signature and official designation of the officer making the same would be going far.

[3] I think the 1924 Code varied slightly the form only of section 2959 of the previous Code, but made no change in any of the essentials prescribed in section 2948, and which appears in the Code of 1924, as section 10094. Neither do I think that it should be supposed that the Legislature, in making the slight change, had the purpose to render void the untold number of certificates and therefore an untold number of transactions, so far as securities are concerned, which must inevitably be anticipated would take place before the public generally would be advised of this slight change. The contrary finds support in the fact that the Legislature at the recent special session enacted chapter 6, which amended section 10103 of the Code of 1924 and 1927, as follows:

"Insert in line seven (7) thereof, immediately preceding the word 'certificate,' the words 'body of the'; also insert in line nine (9), immediately following the word 'form' the following, 'and shall constitute a part of the certificate'; also insert in line eleven (11), immediately following the period, the following, 'No certificate of acknowledgment shall be held to be defective on account of the failure to show the official title of the officer making the certificate if such title appears either in the body of such certificate or in connection therewith, or with the signature thereto.'"

[4] I think the referee erred in holding the certificates of acknowledgment indorsed on the petitioners' mortgages invalid. The order of the referee is, therefore reversed, and the matter remanded to the referee, with direction to allow the claim of petitioners as a secured claim. Let this opinion be spread upon the record to stand as the order and judgment of the court. To all of which the respondent trustee duly excepts.

Reversed.