J. W. DUNHAM, Appellee, v. LOTTIE GRANT et al., Appellants.

FEBRUARY 5, 1929.

*Crary & Crary*, for Claude C. Day and Harry I. Day, appellants.

*Kass, Zink & Kass*, for appellee.

EVANS, J.—The sole question presented to us is whether the certificate of acknowledgment to the plaintiff's mortgage was defective. If yea, then the recording of the mortgage was ineffective for the purpose of constructive notice. The acknowledgment was in the following form:

"State of Iowa, Woodbury County, ss.

"On this 27th day of August, A. D. 1925, before me, a notary public in and for said county and state personally appeared Lottie Grant and Lee Grant, wife and husband, to me known to be the identical persons named in and who executed the foregoing instrument, and whose names are affixed thereto as grantors and acknowledged that they executed the same as their voluntary act and deed.

"Witness my official signature and seal of office at Sioux City, Iowa, the day and year last above written.

"A. G. Kass,

" [Seal]    Notary Public in and for said County and State."

The question presented is whether the foregoing certificate of acknowledgment is a sufficient compliance with the specifications of Sections 10094 and 10103, Code of 1924. Section 10094 is as follows:

"Certificate of Acknowledgment. The court or officer taking the acknowledgment must indorse upon the deed or instrument a certificate setting forth the following particulars:

" (1) The title of the court or person before whom the acknowledgment was made.

" (2) That the person making the acknowledgment was known to the officer taking the acknowledgment to be the identical person whose name is affixed to the deed as grantor, or that such identity was proved by at least one credible witness, naming him.

" (3) That such person acknowledged the execution of the instrument to be his voluntary act and deed."

Section 10103 provides:

"Forms of Acknowledgment. The following forms of acknowledgment *shall be sufficient* in the cases to which they are respectively applicable. In each case where one of these forms is used, the name of the state and county where the acknowledgment is taken shall precede the certificate, and the signature and *official title of the officer shall follow it* as indicated in the first form, and the seal of the officer shall be attached when necessary under the provision of this chapter.

"1. In the case of natural persons acting in their own right:

"State of.................. }
"County of................ } ss.

"On this.....day of............, A. D. 19..., before me (insert title of acknowledging officer) personally appeared ................., to me known to be the person named in and who executed the foregoing instrument, and acknowledged that .............. executed the same as ........... voluntary act and deed.

..........................
"Notary Public in and for said county."

The contention of the appellant is that it was legally requisite that the title of the notary should appear in the body of the certificate in the literal terms "Notary Public for *Woodbury* County," and that the omission of the name of the county from the body of the certificate was fatal to the validity of the acknowledgment. His argument is predicated upon our following cases: *Willard v. Cramer*, 36 Iowa 22; *Greenwood v. Jenswold*, 69 Iowa 53; *Reeves & Co. v. Columbia Sav. Bank*, 166 Iowa 411. In the *Willard* case, the certificate in question did not indicate in any manner the county of the notary. In the *Greenwood* case, the acknowledgment was taken in another state, and failed to indicate in any way the name of the county of the notary. The notary described himself therein as follows: "I, D. W. Coan, a notary public in said city and for said county, and the state aforesaid, do hereby certify," etc. It was signed "D. W. Coan," and not otherwise.

In *Reeves & Co. v. Columbia Sav. Bank*, the title of the officer was set forth in the certificate as "notary public," and not otherwise. The certificate was signed "Ed. M. Workman," and not otherwise. Although venue was laid in "State of Iowa, County of Marion, ss," no reference was made thereto in the body of the certificate. Our opinion in that case expressly differentiates it from a hypothetical case like the case at bar. We said:

"If the certificate had made any reference to the caption, or to 'said county,' it may be assumed, for the present argument, that it would have been sufficient. No such reference is to be

found in the certificate. * * * The form set forth in Section 2959 sets forth the official title of a notary public as 'notary public in and for said county.' In the certificate under consideration, all that appears is that the acknowledgment was made in Marion County, and that it was made before a notary public for some county.''

In Section 10103, above quoted, it is provided that ''the signature and *official title* of the officer shall follow'' the certificate. It will be noted further that the form set forth in this section of the statute sets forth the official title of the notary public, as follows: ''Notary Public *in and for said county.*'' This statutory form puts its own interpretation upon the earlier proviso that the ''*official title of the officer* shall follow'' the signature. This of itself is quite conclusive of the whole question. We should find no difficulty in adopting this interpretation as the sensible and practical one, even if the statute had not incorporated the form of the acknowledgment.

Chapters 6 and 8 of the Acts of the Special Session of the Forty-second General Assembly can have no application hereto, because the action was pending prior to the legislation.

We are clear that the district court properly sustained the sufficiency of the designation. Its decree is, accordingly,— *Affirmed.*

ALBERT, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.