WILLIAM L. PUTNAM, Petitioner, *vs.* HENRY C. PITNEY, JR., Administrator.

January 13, 1891.

**Foreign Will — Probate and Issue of Letters in this State — Estate here wholly Personal.** — A foreign will, if executed according to the laws of this state, may be admitted to probate here, and letters of administration with the will annexed issued, although the testator left only personal property in this state; construing and explaining section 32, *c.* 2, of the Probate Code, (Laws 1889, *c.* 46.)

**Same — Will Proved in State of Testator's Domicile — Application by Creditor from another State for Probate here.** — A creditor residing in Maine, whose debtor died in New Jersey, the state of his domicile, and where his will has been probated, letters testamentary issued, and the administration of his estate being had, petitioned a probate court in this state that the will be admitted to probate and letters of administration issued here, alleging that the testator left personal property in this state. There are no creditors, legatees, or distributees of the estate residing in this state, and no reason is shown why the petitioner cannot prove and

collect his claim in New Jersey, where the principal administration of the estate is being had. *Held,* that the petition was properly denied, as ancillary administration in this state is unnecessary, and to grant it would, under the circumstances, be contrary to the principles of comity between states.

Appeal by the petitioner from an order of the district court for Hennepin county, refusing a new trial of his appeal (on questions of law only) from an order of the probate court refusing to admit to probate the will of Charles A. Washburn, deceased, the cause having been tried by *Young,* J., and judgment ordered affirming the order appealed from. In the probate and the district court the petition was opposed by the administrator with the will annexed, duly appointed by the proper probate court in New Jersey.

*Ferguson & Kneeland,* for appellant.

*Shaw & Cray,* for respondent.

MITCHELL, J. The short facts, according to their legal effect, may be stated thus: A creditor, residing in the state of Maine, whose debtor died in the state of New Jersey, the place of his domicile, and where his will has been probated and letters testamentary issued, and where the administration of his estate is now being had, petitions the probate court of Hennepin county in this state that the will be admitted to probate, and letters of administration with will annexed be issued. The petition alleges that the deceased debtor, at the time of his death, left certain personal property in Hennepin county, to wit, certain shares of stock in a corporation, organized under title 2, chapter 34, of the General Statutes of this state, whose place of business as well as plant is situated in that county. It is not alleged that there are any creditors of the estate, or any persons interested in it as legatees or distributees, in this state. Neither is any reason given why the creditor has not proceeded to present and collect his claim in New Jersey, where the principal administration is being had, or why he could not do so as conveniently and successfully as in this state. The probate court seems to have denied the prayer of the petition because the copy of the will attached thereto was not properly authenticated; and it was stated upon the argument that the district court affirmed the action of the probate court on the

ground that under section 32, chapter 2, of the Probate Code, (Laws 1889, *c*. 46,) a foreign will—by which we understand is meant the will of a non-resident—cannot be admitted to probate here except where the testator left real estate in this state, because, in the section referred to, the word "personal," which was found in Gen. St. 1878, *c*. 47, § 18, has been omitted.

Even if the legislature had the power to thus limit the jurisdiction of the probate courts over the estates of deceased persons, it is very evident that the statute was not so designed. The object of section 32, and the reason why its provisions are limited to cases where the testator left real estate in the state, are very manifest. Not only the administration of real estate, but also its descent, is governed by the laws of the state where it is situated; hence a will not executed according to our laws would, but for this section, be wholly ineffectual to devise real property. Under this statute, a will executed according to the laws of another state and admitted to probate there, although not executed according to our laws, may be admitted to probate here. In the case of personal property there is no necessity for any such provision, for the universal rule is that the succession and distribution of personal property, wherever situated, is governed by the law of the domicile of the deceased. Hence, if ancillary administration was had of the personal estate of a non-resident, situated within this state, the court, after satisfying the claims of domestic creditors, would either distribute the surplus according to the law of the deceased's domicile, or transmit it to the court of the domicile where the principal administration was had. Hence, with reference to foreign wills executed according to the laws of this state, this section is merely cumulative as to the mode of proving it, making the certified copy of it after probate in another state sufficient evidence to establish the will. But a will executed according to the laws of this state, whether previously probated in another state or not, and without reference to the domicile of the testator, may be admitted to probate under the provisions of section 4, chapter 1, of the Probate Code, provided the testator left any property in this state which is the subject of administration; and by section 25 and following sections of chapter 2, if the will is not in the possession of the

executor or other person asking for its probate, or is lost, or is destroyed, or beyond the jurisdiction, it is provided that the will may be established by secondary evidence. And even if the will was incapable of being established at all, there can be no doubt of the power of the probate court, whenever necessary to do so, to issue letters of administration upon the estate of the deceased within this state, although he was domiciled out of it. This power over the estates of deceased persons situate within its jurisdiction is inherent in any state or county on common-law principles, of which the provisions of the Probate Code in that regard are but declaratory.

But there is a ground upon which the petition was properly denied. Upon the facts, ancillary administration in this state was neither necessary nor justifiable, and to have granted it would have been in violation of the plainest principles of the law of comity. We have no doubt that a creditor is a party interested in an estate, upon whose petition, in a proper case, letters of administration may be issued. And we may assume for the purposes of this case that there may be cases where it would be proper to institute ancillary administration in this state on the petition of a foreign creditor. Nor have we any doubt but that stock in a domestic corporation, whose place of business is in this state, is assets here for the purpose of founding administration, if the other facts exist authorizing the exercise of jurisdiction over the property for that purpose.

It is a settled principle of universal jurisprudence in all civilized countries that the personal estate of the deceased is to be regarded for the purposes of succession and distribution, wherever situated, as having no other locality than that of his domicile. It would seem to logically follow from this proposition that the executor or administrator of the domicile of the deceased is invested with the title to all his personal property for the purpose of collecting the effects of the estate, paying the debts, and making distribution of the residue according to the law of the place or the directions of the will, as the case may be. It is true that as to personal property situated outside the state of the domicile this right rests on the law of comity, but it is none the less the law. This rule of comity, however, is rightfully subject to the limitation or qualification that the state where

the personal property is situated has the right to assert its jurisdiction over it by ancillary administration, whenever necessary to protect its own citizens who are creditors of the estate; in which case, however, after satisfying their demands, it will turn over the surplus to the probate court of the domicile for the final settlement of the estate. It is also true that the universal doctrine of the decisions is that the principal executor or administrator cannot, as such, bring a suit in another state to recover possession of personal property or to collect a chose in action. This limitation or qualification of the general principles in respect to personal property by the comity of nations is said to be founded upon the policy of the state to protect the interests of its home creditors. This seems a very narrow and provincial view to take of the matter. On principle, the correct rule would seem to be to recognize the same right in the executor or administrator of the domicile as in any other owner of personal property to maintain suits for its possession, unless and until that right has been superseded by the institution of ancillary administration in the state where the property is situated. But the other rule is now too well settled by the decisions to be changed except by legislative enactment. The modern decisions, however, have so far drifted away from former narrow views as to hold almost universally that, although the executor or administrator of the domicile cannot maintain a *suit* in another state to recover personal property or collect a debt due the estate, yet he may take possession of such property peaceably without suit, or collect a debt if voluntarily paid; and that, if there is no opposing administration in the state where the property was situated, its courts will recognize his title as rightful, and protect it as fully as if he had taken out letters of administration there; also that the voluntary payment of the debt by the debtor under such circumstances would be good, and constitute a defence to a suit by an ancillary administrator subsequently appointed in the domicile of the debtor. It is also now the generally-accepted doctrine that, while such executor or administrator cannot sue in another state on a promissory note or other chose in action, yet he may sell or assign it, and his assignee may maintain a suit on it in his own name; the difficulty, it is said, being the disability of the administrator to sue in

another state, and not any defect of his title. *Harper* v. *Butler*, 2 Pet. 239; *Wilkins* v. *Ellett*, 9 Wall. 740, s. c. 108 U. S. 256, (2 Sup. Ct. Rep. 641;) *Williams* v. *Storrs*, 6 John. Ch. 353; *Doolittle* v. *Lewis*, 7 John. Ch. 45; *Vroom* v. *Van Horne*, 10 Paige, 549; *Shultz* v. *Pulver*, 11 Wend. 361; *Parsons* v. *Lyman*, 20 N. Y. 103; *Petersen* v. *Chemical Bank*, 32 N. Y. 21; *Rand* v. *Hubbard*, 4 Met. 252; *Denny* v. *Faulkner*, 22 Kan. 89.

The application of these principles to the present case is this: The executor in New Jersey, so long as there is no opposing administration in this state, may collect dividends on this stock, or sell it and convert it into money for the purpose of paying debts, as fully as could an administrator appointed in this state, except that he could not, without taking out ancillary letters here, bring a suit in our courts to enforce any rights in regard to it,—a thing for which there is, so far as appears, no occasion or necessity. In short, this stock is the subject of administration at the place of the domicile, so long as there is no opposing administration in this state. A divided administration is always to be avoided if possible, as it not only involves greater expense to the estate, but is liable to give one set of creditors an advantage over others, and create clashing of interests. There being no domestic creditors, and there appearing no reason why the interests of all concerned, including the petitioner, will not be as well or better subserved by allowing the principal executor to continue to manage the entire estate, to allow a foreign creditor to come here and sue out ancillary administration, when he might as well collect his debt in New Jersy, would not only be without precedent, as we apprehend, but so subversive of all rules of comity between states as to be wholly unjustifiable.

Order affirmed.