## *In re* WM. L. SOUTHARD'S WILL.

Submitted on briefs Nov. 20, 1891. Decided Jan. 14, 1892.

**Probate of Foreign Will—Venue.**—Under the statute allowing the filing in this state of a will of a nonresident which has been judicially proved and established in another state, and authorizing administration thereon in this state, it is required that such proceedings be had in some county where there is property of the estate subject to administration, or upon which the will may operate. It is error to allow the will and to proceed to administration without any showing that there is such property.

Appeal by the proponent of the will of William L. Southard from the judgment of the district court of Benton county, *Searle*, J., entered August 1, 1891, refusing to admit the will to probate.

The will was admitted to probate in the probate court held at Boston, Suffolk county, Mass., July 15, 1878. A duly-certified copy was in March, 1890, filed in the probate court of Benton county, together with a petition of Catharine C. Southard, praying that it be admitted to probate here, and that letters of administration with the will annexed be granted to John Schaefer. Notice of hearing having been given, objection was made by L. C. Southard and H. C. Southard, two of the heirs at law of deceased, that it did not appear by the petition or proofs that there was in Benton county any property, real or personal, belonging to the estate of deceased. The probate court in and for Benton county, on May 20, 1890, admitted the will to probate, and appointed Schaefer administrator with the will annexed. Whereupon the contestants appealed to the district court, where the judgment of the probate court was reversed. The proponent, Catharine C. Southard, then appealed to this court, August 10, 1891.

*D. W. Bruckart*, for appellant.

*Geo. W. Stewart*, for respondent.

DICKINSON, J. William L. Southard died testate in the state of Massachusetts, where he resided, and his will was there proved and allowed. The above-named appellant, producing before the probate court in our county of Benton a duly-authenticated copy of the will and of the probate and allowance thereof in the foreign state, peti-

tioned said probate court of Benton county that such will be allowed,
filed, and recorded therein, and that letters of administration be
granted thereon.    This petition was granted after hearing, against
the objection of these respondents.    They appealed to the district
court, where the order of the probate court was reversed.    The peti-
tioner then appealed to this court.    Neither in the petition to the
probate court of Benton county nor at the hearing thereon was it
shown that there was any property, real or personal, in that county,
belonging to the estate of the testator.    The action of the district
court reversing that of the probate court was based upon the ground
that it did not appear that there was property of the estate in that
county.    We are of the opinion that the order of the probate court
was rightly reversed.    This conclusion need not rest upon the ground
of want of jurisdiction in the probate court of Benton county to en-
tertain this proceeding.    It is enough that the allowance of the will
and the appointment of an administrator with the will annexed was
erroneous for the reason that it was not made to appear that there
was any property, real or personal, in that county, belonging to the
estate, and subject to administration, or upon which the will could
operate.    It may be gathered from the provisions of the statute, and
from a consideration of the purposes and effect of allowing and pro-
ceeding to administration on wills already admitted to probate else-
where, that the law contemplates that such allowance and proceed-
ings should be had in some county where there is property subject to
administration, or on which the will may have effect.    The statute
allowing the filing here of wills which have been admitted to probate
and established in some other state or country (Prob. Code; Laws
1889, ch. 46, §§ 32–34) is intended to make such wills effectual and
operative here as though they had been originally admitted to pro-
bate and established by original proof in our own courts.    Adminis-
tration on such wills extends to all the estate of the testator in this
state.    We dispense with original proof of the will, but proceed in
the course of administration as though the original probate proceed-
ings had been instituted here.    Where proceedings are originally in-
stituted in this state for the probate of a will or for administration,
the law clearly requires that such proceedings be prosecuted in some

county where there is property belonging to the estate, if the decedent was a nonresident of the state. Prob. Code, § 4. This requirement is applicable not only in cases where a will is sought to be established by original proof and administration had thereon, but as well in cases where we dispense with original proof, accepting the judicial probate of the will elsewhere as establishing the will, and thereupon proceed in the course of administration. There is nothing in the statute limiting the express requirement of section four (4) to the former class of cases, and no reason is apparent why it should be thus restricted. The obvious reasons for the requirement are, for the most part at least, equally applicable in both classes of cases. It may be added in this connection that the language in section thirty-two, (32,) allowing wills lawfully executed out of this state, but not in accordance with our laws, to be filed "in any county in which the testator has *real estate,*" was not intended to *restrict* the right to file such wills in counties where the testator left *real property.* *Putnam* v. *Pitney,* 45 Minn. 242, (47 N. W. Rep. 790.)

The judgment of the district court is affirmed.

(Opinion published 50 N. W. Rep. 932.)