JAMES B. CONE v. CHARLES A. NIMOCKS and Another.

December 4, 1899.

Nos. 11,924—(142).

### Forms of Acknowledgment.

The provisions of Laws 1883, c. 99 (G. S. 1894, §§ 5650, 5651), as to forms of acknowledgment authorized by section 1, are merely permissible, and not mandatory; any form previously good is still sufficient.

### Assignment of Mortgage by Executor—Record of Copy of Letters.

The assignee of an executor, appointed in another state, of a mortgagee of lands in this state, containing a power of sale to the mortgagee, his heirs, executors, administrators, and assigns, may exercise the power without first filing in the office of the register of deeds of the county where the foreclosure is to be commenced an authenticated copy of the appointment of his assignor as executor. He had that power in the absence of any statute, and the proviso to G. S. 1894, § 6053, does not apply; that section being, by its plain language, limited to the exercise of the power by the executor himself.

Action by plaintiff as trustee of W. R. C. Corson and another under the will of William R. Cone, deceased, to recover possession of land after foreclosure. The action was commenced in the municipal court of Minneapolis, but because the title of real estate was involved was by stipulation removed to the district court for Hennepin county. The case was tried before Brooks, J., who found in favor of plaintiff; and from a judgment entered pursuant to the findings, defendants appealed. Affirmed.

*Taylor & Edwards*, for appellants.

The certificates of acknowledgment are insufficient for failure to comply substantially with the prescribed form, since it does not appear from them alone or when read in connection with the instruments that the person whose acknowledgment was taken was known to the officer to be the person described in and who acknowledged the instruments. Miller v. Link, 2 N. Y. Sup. Ct. 86; Wolf v. Fogarty, 6 Cal. 224; Tully v. Davis, 30 Ill. 103; Black v. Aman, 6 Mackey, 131. The assignee of a foreign executor cannot foreclose by advertisement without first recording the evidence of his appointment. Holcombe v. Richards, 38 Minn. 38; Sutherland, St. Const. § 326.

*Stevens, O'Brien, Cole & Albrecht*, for respondent.

The acknowledgments are sufficient. Hunt v. Johnson, 19 N. Y. 279, 293; Hiles v. LaFlesh, 59 Wis. 465; Carpenter v. Dexter, 8 Wall. 513; 1 Devlin, Deeds, §§ 464, 510, 514, 520; Wells v. Atkinson, 24 Minn. 161; Bigelow v. Livingston, 28 Minn. 57; Brunswick-Balke-Collender Co. v. Brackett, 37 Minn. 58.

It was not a prerequisite that an exemplified copy of the authority should be filed. The only requisite to foreclosure which is pertinent is found in G. S. 1894, § 6029. Had the legislature intended that the authority of an assignee must be recorded, it would have so provided, as in case of foreclosure directly by foreign executors, in section 6053. See Backus v. Burke, 48 Minn. 260. The construction contended for by defendants would be in derogation of the common law, and will not be applied unless the language prohibits any other reasonable construction. Full force can be given to sec-

tions 4715–4717 without holding that they operate as an implied amendment of chapter 81. At common law, the authority of an executor to assign a mortgage follows as a right and function of his office, and the assignment, being good at the place of his appointment, is good everywhere, unless a statute expressly provides to the contrary 1 Jones, Mort. § 797. The statute simply dispenses with other proof than a certified copy of the letters. The right to assign is incident to possession of the legal title. Daby v. Ericsson, 45 N. Y. 786, 790; Johnson v. Wallis, 112 N. Y. 230, 233; In re Cape May, 51 N. J. L. 78; Lucas v. Byrne, 35 Md. 485, 494. The disability of a foreign executor to sue does not attach to the subject-matter, but to the person of the plaintiff. His assignee may maintain an action to foreclose. Wiltsie, Mort. Forec. § 27. See Wilkins v. Ellett, 9 Wall. 740, 108 U. S. 256; Petersen v. Chemical, 32 N. Y. 21; Matter of Butler, 38 N. Y. 397; Putnam v. Pitney, 45 Minn. 242; Luce v. Manchester, 63 N. H. 588.

MITCHELL, J.

For the purposes of this appeal, the following statement of facts, according to their legal effect, is sufficient: An executor appointed in the state of Connecticut, the domicile of his testator, assigned a mortgage belonging to the estate of the latter, which contained the usual power of sale, to the mortgagee, his heirs, executors, administrators, and assigns. The certificate of acknowledgment of the assignment was in the following form:

"Personally appeared [the name of the executor], executor of the will of [name of the testator], late of Hartford, deceased, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed as such executor, before me.

Alfred Spencer, Jr.,

[Notarial Seal.] Notary Public."

The assignee, in the exercise of the power, sold the premises, and at the sale he himself became the purchaser. No authenticated copy of the executor's appointment as executor was filed for record in the office of the register of deeds of the county in which the foreclosure was commenced and in which the land was situated. The time of redemption from the sale having expired, and no redemp-

tion having been made, the plaintiff, who was the purchaser at the sale, commenced this action to recover possession of the premises from the defendants, who hold under a title subordinate to the lien of the mortgage. They insist that the foreclosure was void on two grounds: (1) That the certificate of acknowledgment of the assignment was insufficient to entitle the instrument to record; and (2) that plaintiff had no authority to exercise the power of sale without first filing for record in the office of register of deeds of the county an authenticated copy of his assignor's appointment as executor.

1. The certificate of acknowledgment would have been sufficient prior to the passage of Laws 1883, c. 99 (G. S. 1894, §§ 5650, 5651). The notary's knowledge of the identity of the person appearing before him with the person who executed the instrument is implied by his certificate that it was executed by the executor of the will of the testator. Brunswick-Balke-Collender Co. v. Brackett, 37 Minn. 58, 33 N. W. 214. The act of 1883, at least as to acknowledgments falling under the first section, is merely permissive, and not mandatory. Any form of acknowledgment which would have been good previously is still sufficient. The act has no repealing clause. It starts out by providing that the following forms may be used, and in the second section refers back to them as "the forms above sanctioned."

2. The second question is whether the filing of an exemplified copy of the appointment of the executor assignor was a prerequisite to the right of his assignee to exercise the power of sale. Laws 1876, c. 41 (G. S. 1894, § 6053), provides that

"Any executor or administrator duly appointed in any other state or county may foreclose by advertisement any mortgage of land in this state, belonging to the estate represented by him, in the same manner, and under like restrictions, as a resident, appointed in this state, may do: provided, that before commencing any such foreclosure, an authenticated copy of his appointment as such executor or administrator is filed for record in the office of the register of deeds of the county in which such foreclosure is to be commenced."

The legislature apparently assumed that an executor or administrator appointed in another state or county had no authority to

exercise a power of sale in a mortgage on lands in this state, and passed the act for the purpose of removing this disability, subject only to the one condition precedent specified in the act. In fact, they already had this power, under the agreement of the parties to the mortgage. Consequently, instead of relieving foreign executors and administrators of an existing disability, the effect of the act was to impose upon them a new condition precedent to the exercise of the power. Holcombe v. Richards, 38 Minn. 38, 35 N. W. 714. These considerations may have some bearing upon the construction of this section. Undoubtedly, this proviso was intended for the protection of mortgagors and purchasers by requiring record evidence that the person exercising the power was in fact executor or administrator. It may also be admitted that, where the power is exercised by an assignee of a foreign executor or administrator, substantially the same reasons exist for requiring that there be record evidence that the person who executed the assignment was what he purported and professed to be, to wit, the personal representative of the deceased mortgagee. Such a case, however, is not within the letter of the statute, and the question is whether there is any rule of construction by which it can be included.

The cardinal rule of construction is to ascertain the intention of the legislature. But this must be ascertained from the language of the statute. If this language is plain and unambiguous, the legislature must be intended to mean what they have plainly expressed, and consequently no room is left for construction. There is no ambiguity of language here. By its clear and plain language, this proviso applies only to the exercise of the power by the executor or administrator. The mere fact that there existed the same reasons for applying the same condition to the exercise of the power by an assignee of the executor or administrator will not justify a court in including such a case within the statute when, according to its plain and unequivocal language, the legislature has omitted it. The suggestion that the executor could not give his assignee any greater rights than he himself possessed is, in our judgment, without force. That is true as to rights of property in the mortgage, but it is not necessarily true as to the right to exercise the power

of sale, unless the statute makes it so. For example, at common law, a foreign executor could not sue in another jurisdiction upon a promissory note or other chose in action, but his assignee could. See Putnam v. Pitney, 45 Minn. 242, 47 N. W. 790, 11 L. R. A. 41. Independently of this statute, the assignee of this mortgage had, under the convention of the parties, the right to exercise the power of sale. The proviso attached to section 6053 does not include or apply to such a case, and therefore, in our opinion, the power was lawfully exercised.

Defendants' counsel, in support of their contention, also cite G. S. 1894, §§ 4715, 4716. There is nothing in these sections at all bearing upon the question under consideration. They apply to domestic as well as foreign executors and administrators. To give them any application to this case, it would be necessary to construe section 4716 as meaning that no assignment of a mortgage by either a foreign or domestic executor or administrator is valid, unless an exemplified copy of his letters testamentary or of administration had been previously filed in the county in which the mortgaged premises were situated. No such construction has ever been suggested or dreamed of by any one. The sole purpose of this section is to provide a method of securing, in the county where the land is situated, a perfect record chain of title, upon which parties dealing with property may rely, and which will furnish convenient evidence of their title.

Judgment affirmed.

CANTY, J.

I concur in that part of the opinion which holds that the acknowledgment is sufficient. But I cannot concur in that part which holds that although under G. S. 1894, § 6053, a foreign executor or administrator must record an authenticated copy of his appointment in the office of register of deeds before he can foreclose by advertisement a mortgage of land in this state, his assignee may foreclose without filing such copy.

As admitted in the foregoing opinion, a foreign executor or administrator had, before the enactment of this section, a right to

foreclose, under the power of sale, a mortgage in this state.    Then, the only purpose for which the legislature could have passed section 6053 was that of compelling such executor or administrator to put on record his ownership of the mortgage and his right to exercise the power, so as to furnish evidence thereof, and complete the chain of record title.    This was a good and sufficient purpose, and this court has no right, in order to avoid this conclusion, to speculate or suppose that the legislature blundered or was laboring under a mistake when it passed this section.    This purpose of the legislature is clearly in line with its purpose in enacting other parts of the statute.    For instance, section 6029 prescribes, as a condition precedent to the foreclosure of a mortgage under the power of sale, that the mortgage has been recorded, "and, if it has been assigned, that all the assignments thereof have been recorded."    After the holder of the mortgage dies, there is a transfer of it to his executor or administrator by operation of law, and, by section 6053, the legislature intended to require evidence of this to be put on record in the form of an authenticated copy of the appointment.    If such was the purpose of the statute, the executor or administrator cannot assign any greater right than he himself possessed, and, if his right to foreclose was conditioned on his recordng an authenticated copy of his appointment, he must assign that right burdened with that condition.    It is true that at common law a foreign executor or administrator was disqualified from maintaining, in his official capacity, a suit in the courts of any state, while his assignee was not.    But that case bears no analogy to this.    There it was a mere personal disqualification, which extended only to the foreign representative, not to his assignee.    Here the purpose of the legislature was not to disqualify any one in particular, but to require record evidence of the right to foreclose the mortgage