### ADVANCE-RUMELY THRESHER CO., Inc., v. WAGNER.

Circuit Court of Appeals, Eighth Circuit. December 4, 1928.

No. 8072.

William B. Sloan, of Des Moines, Iowa (W. C. Strock, of Des Moines, Iowa, on the brief), for appellant.

Glenn D. Kelly, of Davenport, Iowa, for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. April 5, 1927, one Marlen J. Lund purchased a tractor from appellant and executed and delivered a chattel mortgage to secure a balance of the purchase price. July 26, 1927, Lund filed a petition in bankruptcy and was adjudged a bankrupt. Appellee was appointed trustee August 20th following. Meantime the tractor was used by the bankrupt on road work, and early in August was abandoned by him on a public highway, where it was exposed to damage from weather and theft. Thereupon appellant, through its agent, took possession of the tractor, and had possession thereof on the 30th day of August, 1927, on which date appellant filed an application for authority to retain possession of the same under its claim of mortgage for the satisfaction of the unpaid balance due from the bankrupt. In said application it was alleged that in such case applicant would suffer a loss of approximately $1,000, and that there was no possibility of equity therein to the bankrupt estate.

For answer the trustee denied the validity of the mortgage as against the trustee in bankruptcy, and of the lien sought to be created thereby, and demanded that appellant's application be refused and that the property be surrendered to the trustee for proper disposition in the administration of the estate. October 5, 1927, appellant, still retaining possession of the tractor, filed a substituted petition for reclamation and to establish and enforce an equitable lien. In this petition it reasserted the validity of the mortgage, that the balance of the purchase price was due and unpaid, and prayed an order permitting it to retain possession of the tractor and to reclaim the same from the custody of the law and of the trustee, to establish an equitable lien in the premises and for other and further relief. September 9, 1927, by stipulation a special master had been appointed by the court to settle the issues, make findings of fact and of law, and with the usual powers of a special master in chancery. In his report the master recommended that an order be entered denying to the petitioner right of possession, ownership, or lien, and that the trustee be held to have the right of possession free and clear of all liens. To this finding exceptions were filed and overruled; the report of the master was approved, and a decree entered accordingly. This ruling was based upon the ground that the title of the person before whom the acknowledgment was made was not contained in the certificate of acknowledgment. As conceded by appellee, the sufficiency of the certificate of acknowledgment to the chattel mortgage is the only ultimate question involved.

A preliminary question presented is whether this appeal is from a ruling in a proceeding in bankruptcy, and thus requiring an allowance of such appeal in advance by this court, or whether it is a controversy in bankruptcy proceedings which requires no such allowance. It is clear, however, that:

"A judgment of a court of bankruptcy that a chattel mortgage upon the alleged property of the bankrupt is voidable by his trustee, that it entitles the mortgagee to no lien upon the property and to no preference in payment out of its proceeds, is a final decision of a controversy arising in bankruptcy proceedings." Dodge v. Norlin (C. C. A. 8) 133 F. 363; Baker Ice Machine Co. v. Bailey (C. C. A. 8) 209 F. 844; Mullen v. Warner (C. C. A. 4) 11 F.(2d) 62; Hopkins v. Nat'l Bank et al. (C. C. A. 5) 293 F. 884; Hewit v. Berlin Machine Works, 194 U. S. 296, 24 S. Ct. 690, 48 L. Ed. 986; In re Smith-Flynn Commission Co. (C. C. A. 8) 292 F. 465;

Standard Computing Scale Co. v. Adam (C. C. A. 8) 287 F. 347; Taylor v. Voss, 271 U. S. 176, 46 S. Ct. 461, 70 L. Ed. 899; Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897; 8 Remington on Bankruptcy (3d Ed.) §§ 3673, 3688.

■ We proceed, then, to the merits of the case, which involve the sufficiency of the acknowledgment. The challenged certificate of the notary is as follows:

"State of Iowa, Jackson County—ss:

"This 5th day of April, A. D. 1927, before me personally appeared Marlen J. Lund, to me known to be the person named in and who executed the foregoing instrument, and acknowledged that he executed same as his voluntary act and deed.

"In testimony whereof, I have hereunto set my hand and official seal the day and year first above in this certificate written. [Notarial Seal.] O. H. Cuddy, a Notary Public in and for Said County."

The statutes of Iowa provide that no mortgage of personal property, where the mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers, without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and duly recorded. Respecting acknowledgments, section 2948 of the Iowa Code of 1897 provides:

"*Certificate of Acknowledgment.* The court or officer taking the acknowledgment must endorse upon the deed or instrument a certificate setting forth the following particulars:

"1. The title of the court or person before whom the acknowledgment was made;

"2. That the person making the acknowledgment was known to the officer taking the acknowledgment to be the identical person whose named is affixed to the deed as grantor, or that such identity was proved by at least one credible witness, naming him;

"3. That such person acknowledged the execution of the instrument to be his voluntary act and deed."

Section 10094 of the Iowa Code, in force at the time this mortgage was executed, is identical in language. Section 2959 of the Code of 1897 reads as follows:

"*Forms of Acknowledgment.* The following forms of acknowledgment shall be sufficient in the cases to which they are respectively applicable. In each case where one of these forms is used, the name of the state and county where the acknowledgment is taken shall precede the certificate, and the signature and official title of the officer shall follow it as indicated in the first form, and the seal of the officer shall be attached when necessary under the provision of this chapter.

"1. In the case of natural persons acting in their own right:

"State of ———, County of ———.—ss.

"On this ——— day of ———, A. D. ———, before me personally appeared A. B. (or A. B. and C. D.), to me known to be the person (or persons) named in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) voluntary act and deed. ———, Notary Public in and for Said County."

The Codes of 1924 and 1927 contain section 10103 as follows:

"*Forms of Acknowledgment.* The following forms of acknowledgment shall be sufficient in the cases to which they are respectively applicable. In each case where one of these forms is used, the name of the state and county where the acknowledgment is taken shall precede the certificate, and the signature and official title of the officer shall follow it as indicated in the first form, and the seal of the officer shall be attached when necessary under the provision of this chapter.

"1. In the case of natural persons acting in their own right:

"State of ———, County of ———.—ss.

"On this ——— day of ——— A. D. 19—, before me, ——— (insert title of acknowledging officer), personally appeared ———, to me known to be the person— named in and who executed the foregoing instrument, and acknowledged that ——— executed the same as ——— voluntary act and deed. ———, Notary Public in and for Said County."

It will be perceived that section 2959 and section 10103 are substantially identical, except for the parenthesis inserted in the latter form, to wit, "(insert title of acknowledging officer)." The contention of appellee is that, by the provision that "the name of the state and county where the acknowledgment is taken shall precede the certificate, and the signature and official title of the officer shall follow it," it is established that the signature and official title of the officer is no part of the certificate; that section 10094 provides that the certificate must set forth "the title of the court or person before whom the acknowledgment was made"; that the place where this title must be inserted is indicated in the form suggested in section 10103; and that this requirement is mandato-

ry and essential to the validity of the acknowledgment entitling the instrument to record. Because the title of the notary in this case is set out only in the subscription, it is contended that this essential of the statute has not been complied with, and that appellant's lien must fail for that reason, and that alone. This view was adopted by the trial court, relying for authority upon the following decisions of the Supreme Court of Iowa: Willard v. Cramer, 36 Iowa, 22; Greenwood v. Jenswold et al., 69 Iowa, 53, 28 N. W. 433; Reeves & Co. v. Columbia Savings Bank, 166 Iowa, 411, 147 N. W. 879; Lee County Savings Bank v. Snodgrass Bros., 182 Iowa, 1387, 166 N. W. 680.

In the instant case the District Court followed its own ruling in Re Branson, 17 F.(2d) 377. In our judgment these citations fail to support the conclusion reached. In Willard v. Cramer no part of the acknowledgment showed the county of the notary making the same. There was affixed thereto a notarial seal upon which appeared the words "Marshall County," but the court held that the seal was no part of the certificate and could not supply the omission. Greenwood v. Jenswold et al. was a case of the same nature. In Reeves & Co. v. Columbia Savings Bank the notary signed by name alone and added his notarial seal. The court held that "a notary's certificate of acknowledgment, which fails to recite that he is a notary in and for the county where the acknowledgment purports to have been taken, independently of the caption to the certificate, is fatally defective." The case of Lee County Savings Bank v. Snodgrass Bros. involved a failure in the certificate to show that the acknowledgment was made as to the execution of the instrument. In the course of the opinion it is recited that the notary must indorse upon the instrument a certificate which shall set forth the title of the person before whom the acknowledgment was taken. It will be seen that these cases fall short of condemning the form of certificate here involved, and are of little or no value in construing the statutes of the state upon the point in issue. It is conceded that prior to the enactment of the amendments of 1924 this form of acknowledgment was good; that it is a form approved generally throughout the states of the Union, and conforms to the recommendation of the committee on Uniform Laws of the American Bar Association.

Section 2948 of the Code of 1897 and section 10094 of the Codes of 1924 and 1927, as to the requirements of certificates of acknowledgment, are identical. However, it is claimed that section 10103 added a new requirement by the parenthesis inserted in the form suggested. This, because the language of that section is interpreted to mean that the subscription, as well as the name of the state and county, form no part of the certificate, while section 10094, as well as section 2948, requires the certificate to contain the title of the court or person before whom the acknowledgment was made. But section 2959 of the act of 1897 is identical in language with that of section 10103 of the act of 1924 in that respect, and under this former statute certificates of acknowledgment which contained the title of the notary only in the subscription were held to be in full compliance with the statute, and such was the practice in Iowa for an approximate period of 30 years. If, then, section 10103 has made this drastic change, it must be due alone to the insertion of the parenthetical clause in the form suggested in that section. We do not believe that such was the purpose of the Iowa Legislature, nor that such is a sound construction of section 10103. No case brought to our attention supports such a conclusion. The language contained in the parenthesis was probably added for the purpose of indicating a preferred, but not a mandatory, form of certificate.

▆▆▆ Funk & Wagnalls' New Standard Dictionary defines a certificate as "a writing so signed and authenticated as to be legal evidence"; Bouvier's Law Dictionary, as "a writing by which testimony is given that a fact has or has not taken place"; Webster's International Dictionary, as "a written declaration legally authenticated." No instrument purporting to be a certificate becomes such until it has been subscribed. It seems clear that the subscription is an essential part of a certificate as generally understood. Furthermore, it is the general rule that forms of acknowledgment as prescribed in statutes are permissive, and not mandatory. It is sufficient if substantial compliance as to essentials is present. The rule in this respect is admirably stated in Herron v. Harbour, 75 Okl. 129, 182 P. 243, 29 A. L. R. 905:

"In determining the sufficiency of a certificate of acknowledgment, technical rules of construction will not be applied. A substantial and not a literal compliance with the statute in the certificate of acknowledgment to a deed, mortgage, or contract relating to real estate is all that the law requires, and, although words not in the statute are used in the place of others, or words in the statute are

988

omitted, yet, if the meaning of the words used is the same, or they represent the same fact, or if the omission of a word or words is immaterial, or can be supplied by a reasonable and fair construction of the whole instrument, the acknowledgment will be held sufficient."

See, also, Cone v. Nimocks, 78 Minn. 249, 80 N. W. 1056; Sinclair Coal Co. v. Missouri-Hydraulic Mining Co. et al. (Mo. App.) 207 S. W. 266.

The Supreme Court of Iowa, in Milner v. Nelson, 86 Iowa, 452, 458, 461, 53 N. W. 405, 19 L. R. A. 279, 41 Am. St. Rep. 506, holds, as do a number of Iowa cases therein cited, that there is no requirement that the statute shall be followed literally. A substantial compliance is sufficient. The court cites with approval the language of the Supreme Court of the United States in Carpenter v. Dexter, 8 Wall. 513, 526 (19 L. Ed. 426).:

"It is the policy of the law to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections."

Fortunately we are supported in our view by the decision of Judge Scott in the Northern District of Iowa, who holds that the subscription is a part of the certificate of acknowledgment, since such a certificate would be incomplete without it, and that section 10103 did not change the essentials required in a certificate of acknowledgment under section 10094. In re Meakins (D. C.) 25 F.(2d) 305. We concur in the reasoning of the opinion in that case and in the conclusion reached. In our judgment, the acknowledgment to the chattel mortgage was a valid one and the mortgage is a subsisting lien upon the property covered by it.

The judgment below is reversed, and the case remanded for further proceedings in accordance with the views herein expressed.