IN RE ESTATE OF MINNIE KIMMEL.[1]

January 11, 1935.

No. 30,088.

*Guesmer, Carson & MacGregor,* for appellant.
*Drew & Cain,* for respondent.

HILTON, JUSTICE.

Appeal from a judgment of the district court affirming a decree of distribution of personal property entered by the probate court of Hennepin county, Minnesota.

Appellant, Fred Kimmel, is the surviving spouse of the decedent, Minnie Kimmel, who died testate on January 1, 1930, a resident of the state of Michigan, which was also the residence of appellant. There was no issue nor children of issue. While a resident of Michigan decedent made a will which was admitted to probate in Hennepin county. The will made no provision whatever for appellant; he never consented thereto. At the time of decedent's death she owned personal property in Hennepin county consisting of cash, bonds, and other securities which were in the hands of her brother (the executor) for investment and reinvestment. The only property she had in Michigan was two diamond rings, of the value of $100, and about $30 on deposit in a bank. There has been no probate of her estate in Michigan, nor did the executor take possession of the property there. There are no outstanding debts or claims against the estate either in Minnesota or elsewhere. The

[1]Reported in 258 N. W. 304.

executor turned over to appellant the rings and $400 in cash, in compliance with the latter's request therefor.

Appellant's position in the lower courts was and is here that, as the surviving spouse, he was entitled, in addition to what he had received, to a one-third interest in the residue of the estate. The probate court held against his claim, as did also the district court on appeal.

The only question is whether the laws of Michigan (received in evidence) or the laws of Minnesota govern the disposition of the property here involved. It is not disputed that if the former govern the judgment should be affirmed; if the latter, it should be reversed. In Minnesota a surviving husband or wife may elect not to take under the provisions of a will (to which no consent in writing has been made) and to take under the statute, in which case he or she is entitled, in addition to a $500 allowance, to a one-third of the residue of the personal estate of the deceased spouse. 2 Mason Minn. St. 1927, § 8726. In Michigan such right of election is limited to the surviving wife only. Michigan, Comp. Laws 1929, §§ 13481, 15564, 15726(7).

Testamentary disposition of personalty is governed by the laws of the state in which the decedent was domiciled. Putnam v. Pitney, 45 Minn. 242, 47 N. W. 790, 11 L. R. A. 41; 1 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 1555, and cases cited. The circumstance that the personal property here involved had an actual *situs* in Hennepin county, Minnesota, gave its probate court jurisdiction. 2 Mason Minn. St. 1927, § 8695. The contention of appellant that *situs* of the property in Minnesota required that the testamentary disposition thereof be in accordance with its laws is not tenable. Cases cited by appellant in which the business *situs* of intangibles for taxation purposes was involved are not at all in point. In our probate law there is no distinction, as to testamentary disposition, between intangibles and tangible personalty; both are personal property, and as such the testamentary disposition thereof is governed by the law of the domiciliary state. Cases from other jurisdictions having statutes in derogation of the common law rule are not helpful, for in this state there is no such

statute, and the common law governs.  Putnam v. Pitney, 45 Minn. 242, 47 N. W. 790, 11 L. R. A. 41.

Affirmed.